King, J.,
delivered the opinion of the court.
Appellant, as plaintiff, brought his suit against the defendant Carrig, praying that he be adjudged owner of an undivided three-sixteenths interest in a certain lease upon mining property in Lake county, Colorado, together with the profits.accruing thereon; for an accounting as to moneys received by the defendant in connection with such lease, and judgment for any amount found to be due upon such accounting.
The essential allegations of the complaint are that divers parties, including plaintiff and defendant Carrig, entered into an agreement to obtain a lease on said mining property and to work the same for their joint benefit; that plaintiff Griffin was to have three-sixteenths interest; that defendant was to take the lease in his own name .and make assignments to other interested parties on demand; that-defendant procured such lease and operated thereunder, and paid to plaintiff his alleged share of the proceeds for a time, after which he refused to recognize plaintiff as interested therein; and that large profits had arisen from said lease, to which plaintiff was entitled, and which defendant had received. These allegations were put in issue by defendant’s answer.
The evidence does not support the allegations of the complaint as to the agreement to obtain the lease. Plaintiff testified that after the lease had been secured he was employed by the defendant to work upon the leased premises at $3.00 per day until such time as the lease would pay, after which he was to receive an additional wage; *315 that he was to hhve three-sixteenths interest in the lease, paying his share of the expenses; that he worked about fifteen days at the lower wage, and thereafter at the higher, as agreed; that'upon returns from ores extracted he was paid his share thereof by checks given by the defendant, for a few months, after which he was discharged and denied any interest in the lease; and that the agreement under which he claimed an interest in the lease was not in writing, but made orally between the plaintiff and defendant in the presence of McDermott and Shannahan, admitted by all to have been interested in the lease with the defendant. Defendant admitted that plaintiff worked upon the premises, but as employe only; denied any agreement by which plaintiff was to have an interest in the lease, and denied that he had ever paid plaintiff any sum as proceeds of the lease. Plaintiff ’s testimony as to the conversation alleged was disputed, not only by the defendant, but by McDermott and Shannahan, and had no support except from the fact that the bank account of Carrig showed the payment to someone of certain checks approximating the amount which plaintiff testified he had received upon the lease., and which he should have received if his version of the controversy is correct. The testimony shows that the checks had been destroyed prior to the commencement of the suit. Trial was to the court without a jury, and judgment by the court for appellee.
The errors assigned and relied upon by appellant •are (1) that the findings and judgment of the court are manifestly against the weight of the evidence, and (2) that appellant’s motion for a new trial was erroneously denied.
In view of the'conflict in the testimony, which is incapable of being harmonized, the finding of the trial court should be and is conclusive upon this court. That court was the judge, not only of the credibility of the witnesses and the weight of the evidence, but of the inferences *316 properly deducible from the facts and circumstances proved, —Gwynn, etc., v. Butler; 17 Colo., 114. There are exceptions to the rule that a finding based on conflicting evidence will not be disturbed on appeal, but we do not. find that this case -comes within such exceptions, as claimed by the appellant. The finding is not without substantial support, nor clearly and manifestly against the weight of the evidence; nor does it show that the trial court either mistook or misapprehended the evidence, or misconceived the legal effect thereof.
The motion for a new trial is based upon affidavits alleging surprise and newly discovered evidence. The first ground is founded upon the allegation that plaintiff did not know until trial began that defendant’s bank cheeks had been destroyed, and that he did not know what the bank account would show, and therefore did not have sufficient opportunity to interrogate plaintiff or defendant upon that account. The record shows that prior to the taking of testimony plaintiff was notified that the checks could not be produced because they had been destroyed. The items of the bank account were certified to by the bank, received in evidence, and both plaintiff and defendant were on the stand thereafter with ample opportunity for examination. A carefully tabulated statement of the checks and deposits, together with computations made for the purpose of showing their tendency to support plaintiff’s theory or claim, was made and received in evidence, discussed in argument and considered by the court. No request was made for continuance or additional time.
The newly discovered evidence consisted wholly of testimony of witnesses as to conversations which would tend to impeach certain witnesses for the defendant as to veracity, or challenge their recollection. Testimony of that character was introduced upon the trial and this *317 newly discovered evidence would be cumulative only. We think a new trial should seldom, if ever, be awarded upon evidence limited to impeachment, and in' that respect simply cumulative. No part of said newly discovered evidence would' have a tendency to establish the alleged agreement between plaintiff and defendant. The court did not err in overruling the motion.
Decided December 16, A. D. 1912.
Rehearing denied January 13, A. D. 1913.
The evidence in this case is in many respects unsatisfactory. The destruction by the defendant of the checks was a circumstance tending to throw suspicion upon him, and the similarity in amounts of some of the checks paid at the bank with the amounts claimed by plaintiff to be due him under the agreement tended to support plaintiff’s claim. But it must be presumed that all those circumstances were considered, and we do not feel at liberty to substitute our judgment for that of the trial court, either as to the credibility of the witnesses or the infer- ■ enees to be deduced from all the circumstances of the case. The judgment is affirmed. •