[Civil No. 1421.   Filed June 19, 1915.]

[149 Pac. 673.]

## PHILIP M. SHARPLES, Appellant, v. WM. B. DUVALL, Appellee.

1. NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE.—Plaintiff
   brought suit to recover certain shares of stock, on the ground
   that the owner thereof had failed to comply with his agreement
   to finance the corporation. Defendant claimed that the stock was
   delivered to him outright as a bonus. *Held,* that newly discov-
   ered evidence, consisting of statements in a letter that plaintiff's
   actions had been criticised for giving defendant the stock before
   fulfilling his agreement, was not sufficient to justify a new trial
   after verdict for defendant; it not tending to explain the terms
   of the contract but being merely in impeachment.

   [As to motion for new trial on ground of newly discovered evi-
   dence, see note in Ann. Cas. 1913E, 147.]

2. EVIDENCE—ADMISSIONS—BY PARTIES.—In an action to recover cor-
   porate stock, evidence that plaintiff stated that he was obliged to
   give defendant the stock as a bonus at the time of the execution
   of the contract was admissible as showing the construction of the
   contract by a party thereto, and as being a statement against in-
   terest.

3. NEW TRIAL — GROUNDS — CONTRADICTING TESTIMONY. — Plaintiff
   brought suit to recover corporate stock, alleging that such stock was
   delivered to defendant in consideration of a contract to finance the
   corporation. A motion for a new trial was made by plaintiff on
   the ground of newly discovered evidence, consisting of a statement
   in a letter that defendant's witness criticised plaintiff's actions in
   giving defendant the stock before his agreement was fulfilled.
   *Held,* that such statement, if substantiated, would not sufficiently
   contradict evidence already given as to the contract to constitute
   ground for a new trial.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. W. A. O'Connor, Judge. Reversed and remanded, with directions.

Mr. Selim M. Franklin and Messrs. Cass & Sames, for Appellant.

Mr. Eugene S. Ives and Mr. Frank J. Duffy, for Appellee.

CUNNINGHAM, J.—The appellee, as plaintiff, commenced this action to recover from the appellant, as defendant, 750,000 shares of the capital stock of the Cerro Cobre Development Company, a corporation, upon the grounds that a certificate for such shares of stock was caused to be issued to defendant by plaintiff in consideration of defendant's promise to purchase 150,000 shares of the treasury stock of said corporation at the price of 10 cents per share, paying therefor $15,000, and to finance said corporation, and, failing to finance such corporation, defendant, Sharples, promised to return the said 750,000 shares of stock to plaintiff. It is alleged that the defendant performed a part of the agreement, that is, it is admitted he purchased the 150,000 shares of stock and paid therefor $15,000, but it is averred that he failed and refused to finance the corporation, and failed and refused on demand to return the said 750,000 shares of stock to plaintiff. Plaintiff demands a return of the stock as promised. The defendant denies the contract as set forth in the complaint, and alleges that the contract actually made was to the effect that plaintiff agreed to give the defendant as a bonus 750,000 shares of plaintiff's individual promoter's stock, in consideration of defendant's purchase of 150,000 shares of Cerro Cobre treasury stock at 10 cents a share, paying therefor $15,000, and alleges that defendant did purchase said 150,000 shares of treasury stock and paid therefor $15,000, and that plaintiff delivered to him the said 750,000 shares of promoter's stock as a bonus, all as agreed. The cause was tried to the court, and upon findings of fact made by the court, judgment was entered for the defendant. The plaintiff moved for a new trial, assigning the usual grounds for the motion, and later amended his motion for a new trial by adding thereto the ground of evidence newly discovered. The man-

ner in which the evidence was discovered is described as discovered through a letter written by H. G. Lupold to C. D. Ricker, in which Lupold stated to Ricker these words:

"You criticised Mr. Duvall's actions in giving Mr. Sharples 750,000 shares of Cerro Cobre before he fulfilled his agreement; why repeat the same thing with Mr. Hilands?"

In explaining the words "the same thing" appearing in such letter appears this:

"We have a contract with Mr. Hilands and will be fulfilled when the proper time comes and the company financed, but Mr. Hilands must remember that his contract is contingent upon the fulfillment of the contract with the Amsterdam people, which up to the present time has not been fulfilled. . . ."

The court granted the motion for a new trial upon the sole ground of the discovery of such new evidence, and ordered a new trial. From the order so granting a new trial the defendant has appealed.

The appellant alleges that the order granting a new trial was erroneous, because such evidence is pertinent only for the purpose of impeaching Chas. D. Ricker's testimony; because, if received, such evidence is not of such character as would probably effect a different result on a new trial; because the said new evidence is inadmissible, for the reason it is incompetent, immaterial and irrelevant for any purpose; and because the findings of fact and judgment were supported by a preponderance of the evidence.

The question of diligence in presenting the newly discovered evidence is not involved. The question is whether the evidence is of such nature that it can be admitted on a new trial, and, if admissible, will it, when considered, probably cause a different result?

The appellee in his motion alleges that the newly discovered evidence "is most material in this: That at the trial of this action the said Ricker, as defendant's witness, testified in corroboration of the defendant that the agreement between the plaintiff and defendant with respect to the 750,000 shares of stock issued to the defendant, which was the subject matter of the said case, was that the said stock should be given to the said defendant purely in consideration of his purchasing 150,000 shares of stock of the same corporation at 10 cents

per share, and that the agreement was not as testified to by the plaintiff, viz., that the said stock was issued to the said Sharples in consideration of his promise to finance the said Cerro Cobre Development Company. The substance of said Ricker's testimony in his own words is as follows: 'Q. What did he say at that time the terms of this agreement were? A. He said he had to give Mr. Sharples one-half of the promotion stock of 750,000 shares to induce him to put up $15,000 for 150,000 shares of treasury stock at 10 cents a share.'.''

This evidence does not admit of the construction placed upon it by the appellee in his motion. The answer is not responsive to the question asked, viz.: "Q. What did he [Duvall] say at that time the terms of this agreement were?" The witness in reply to the question did not pretend to state the terms of the Sharples contract as he was asked to do, but answered the question by stating what Duvall had said to the witness as the effect of the Sharples contract, viz.:

"He said he had to give Mr. Sharples one-half the promotion stock of 750,000 shares to induce him," etc.

Therefore the proposed newly discovered evidence is most material to impeach that statement of what Duvall said to Ricker in respect to the Sharples contract, not what Ricker testified on the trial constituted the terms of said contract. Ricker did not purport to detail the terms of the contract between Duvall and Sharples, nor did he indicate in such evidence that he knew the terms of that contract. He simply stated what he said Duvall told him about it, and what was told him, by his own testimony, amounted to a statement by Duvall of the effect of the contract as Duvall construed it, and nothing more.

Such statement coming from Duvall at a time so near the time the contract was made was clearly admissible for at least two reasons: First, it amounts to a construction of the contract by a party to it, and is valuable in determining the meaning of the contract; second, if considered as a statement of a fact or a conclusion of fact, it is admissible because it is, in effect, a statement against interest. In either case Ricker says Duvall said to him as quoted, and if the newly discovered evidence can affect Ricker's statement, it must go to the question whether or not as a fact Duvall said to Ricker what Ricker testified Duvall said.

Appellee contends in his motion that if awarded a new trial he will be able to show by such newly discovered evidence "that the said stock was issued to the said Sharples in consideration of his promise to finance the said Cerro Cobre Development Company," averring that such result will be accomplished in the following manner:

"That it appears in a copy of said letter [newly discovered] that the said Ricker has made statements or a statement to the writer thereof, one H. G. Lupold, contrary to his testimony in the trial of this action, and corroborating strongly the plaintiff's testimony herein; that upon another trial of this action plaintiff can secure the testimony of the said Lupold by deposition if he is unable to secure his personal attendance at the trial. . . . That the said Lupold cannot truthfully testify other than consistent with the statement made in the letter copied above. That if the said testimony of Lupold were heard" a different record would be made, necessitating a different judgment. The statement contained in the letter is quoted above, viz.:

"You criticised Mr. Duvall's actions in giving Mr. Sharples 750,000 shares of Cerro Cobre before he fulfilled his agreement; why repeat the same thing with Mr. Hilands?"

If Lupold should testify as a fact that Ricker did criticise Mr. Duvall's actions in giving Sharples the stock, under the circumstances mentioned in the letter, such evidence would, in no conceivable manner, tend to establish the terms of the Duvall-Sharples contract, the matter in issue. Appellee seems to insist that such fact, if established by Lupold, would contradict Ricker's evidence. It is not clear how such a result would follow, but, conceding that Lupold's supposed testimony would tend to impeach Ricker's statement, then the effect would be that it would appear from Lupold's testimony on a new trial that Duvall made no such statement to Ricker as Ricker testified was made to him by Duvall. So considered, Lupold's testimony would, in its nature, be clearly impeaching testimony. The general rule is that a new trial for newly discovered evidence of an impeaching character will not be granted. *Chalmers* v. *Sheehy*, 132 Cal. 459, 84 Am. St. Rep. 62, 64 Pac. 709; *Brandt* v. *Krogh*, 14 Cal. App. 39, 111 Pac. 275; *Wood* v. *Moulton*, 146 Cal. 317, 80 Pac. 92; *Griffin* v. *Carrig*, 23 Colo. App. 313, 128 Pac. 1126; *Knuffke*

v. *Knuffke,* 8 Kan. App. 857, 56 Pac. 326; and many other like authorities may be found in the reported cases.

Appellee concedes this general rule, but contends that the newly discovered evidence must be of an entirely impeaching character, and that, while the newly discovered evidence here in question is, in a measure, impeaching as to Ricker's testimony, it successfully contradicts his testimony, and as to Duvall's testimony such evidence is cumulative and corroborative, and contradicts Ricker, and is therefore grounds for a new trial, citing from 29 Cyc. 920, the rule that governs such case, viz.:

"Newly discovered evidence to successfully contradict a witness upon a material matter may be cause for allowing a new trial, and it is no objection to such allowance that the evidence may incidentally impeach a witness."

This rule cannot apply, for the reason the sole purpose of the new evidence was to show that Ricker's testimony was untrue. If Lupold would testify to anything affecting the statement of Ricker, it must be to facts tending to show that Duvall did not make the statement to Ricker that Ricker testified he did make. In no other manner could Lupold contradict Ricker's testimony. If the purpose of Lupold's testimony is to corroborate Duvall, and impeach Ricker because it is contrary to Ricker's testimony, then it must be that Duvall stated to Ricker that Sharples was given the stock in consideration of his promise to purchase 150,000 shares of treasury stock at 10 cents a share and finance the Cerro Cobre. If such is the statement of Duvall that Lupold is supposed to corroborate, and incidentally impeach, Ricker's testimony, then such evidence of Duvall's statement would clearly be inadmissible as pure hearsay. Lupold would not be permitted to testify to a self-serving statement made by Duvall, and certainly such evidence would not have the marks of cumulative or corroborative evidence, but would be simply the bringing in of a witness to testify that Duvall made the same statement to the witness and to Ricker that he made to the jury. Clearly, the proposed evidence would have no effect to cause a different judgment to result. In the first place, it could only tend to establish an immaterial fact, viz., that Duvall made a statement to witness Ricker different from that testified to by Ricker, as the

effect of a contract made by Duvall with Sharples by which Sharples acquired possession of the stock, and such different statement so made was self-serving as Duvall's opinion of the effect of such contract.

For these reasons the court erred in granting the motion for a new trial upon the grounds alleged.

The order is reversed and vacated, and the cause remanded, with instructions to deny the motion for a new trial, and thereby reinstate the judgment rendered, and take such further proceedings in the cause as the law requires to enforce the said judgment.

ROSS, C. J., and FRANKLIN, J., concur.