[No. 3849.]

POOLE v. THE PEOPLE.

1. FAILURE TO SUPPORT WIFE—INFORMATION—TIME.
An information filed with a justice of the peace on January 18, 1897, charging a party with failure to support his wife alléged the time of the offense as " on or about the 19th day of September, and continuously since, A. D. 1897." *Held*, that from the language employed charging the time when the offense was committed, it is fairly inferable that it was at a date prior to the filing of the information, and although it might have been successfully attacked at the proper time, by a motion on account of form, or ambiguity, it is too late to raise that question after trial.

2. SAME—RESIDENCE OF DEFENDANT.
In a prosecution under the statute for the failure of a husband to support his wife, it is not necessary to allege in the information that the defendant is a resident of the state. Nonresidents are excepted from the operation of the statute, but it is not necessary to negative exceptions. If defendant was a nonresident, that was a matter of defense.

3. MARRIAGE.
Where a man and woman in good faith attempt to get married, but because of a disability of one of the parties, the marriage contract is a nullity, and the parties continued to live together as husband and wife after such disability was removed, they were in law husband and wife from the time the disability to enter into the marriage contract was removed.

4. SAME—EVIDENCE.
It was not prejudicial error to admit in evidence a decree from another state purporting to find that defendant and wife were at a certain time capable of entering into a marriage contract, and that they were at said time legally married, even though such decree was not properly certified, where the evidence of the defendant was that

the parties had lived together and recognized each other as husband and wife for a number of years after the impediment to their legal marriage was removed. This admission coupled with the uncontroverted fact that they had attempted in good faith to enter into the marriage relation, before that time, conclusively established the relationship, and the admission of the copy of the decree was not prejudicial. Where there is evidence tending to prove that the identical copy of such decree offered and received, was discussed by the parties, and they agreed to accept it as evidencing their true relation, it is proper to be considered for the purpose of showing the agreement thus made.

5. BOND FOR SUPPORT.

In a prosecution for failure by a husband to support his wife, the statute authorizes the acceptance of a bond conditioned for the support of the wife for six months in lieu of the penalty. The statute provides no amount of penalty for the bond, nor does it fix any stated amount or time for payments for support of wife. In the absence of such provision, the court has authority to fix the penalty of bond and to provide the amount and times for payments to be made to the wife.

6. ARRAIGNMENT—PLEA.

Where the defendant was arraigned and pleaded not guilty before a justice of the peace, on appeal to the county court it was not necessary for defendant to be rearraigned or to replead in that court.

7. FAILURE TO SUPPORT WIFE—WIFE'S FINANCIAL MEANS.

In a prosecution of a husband for failure to support his wife, he was not relieved from such support on account of the financial means of the wife. It was immaterial that the wife had means of her own, such means not having been obtained from the husband.

*Error to the County Court of Arapahoe County.*

JANUARY 18, 1897, information was filed before a justice of the peace, which, omitting the formal parts, charged that the plaintiff in error, "on or about the 19th day of September, and continuously since, A. D. 1897, in the county and state aforesaid, being the husband of affiant, and an able-bodied man, did and does wilfully neglect, fail, and refuse to provide reasonable support for the maintenance of affiant." To this information, on being arraigned, he pleaded not guilty. A trial resulted in his conviction, from which he appealed to the county court, where he was again convicted, and judgment pronounced, that he be confined in the county

jail for a period of forty days, or, in lieu thereof, give bond in the sum of $600, conditioned for the payment to the prosecuting witness of the sum of $50.00 per-month for six months. He brings the case here on error, and assigns the following, which will be discussed in the order argued :

1. Insufficiency of information.

2. Insufficiency of evidence to establish the relationship of husband and wife between himself and the prosecuting witness.

3. Error in admitting in evidence, over his objection, a decree of the superior court of San Diego county, Cal.

4. Form of judgment.

5. It does not appear affirmatively from the record, that he was arraigned, pleaded to, or called upon to plead to the information in the county court.

6. In sustaining the objection of the People to his offer to prove, that the prosecuting witness had, about April 7, 1897, given certain persons money, and had money of her own.

Reference to the evidence will be found in the opinion.

The prosecution is based upon the provisions of sec. 1412 $a$, 3 Mills' Ann. Stats. (Laws of 1893, p. 126), and reads :

"It shall be unlawful for any man, residing in this state, to wilfully neglect, fail or refuse to provide reasonable support and maintenance for his wife * * * ; and any person guilty of such neglect, failure or refusal, upon the complaint of the wife * * * upon due conviction thereof, shall be adjudged guilty of a misdemeanor, and shall be committed to the county jail for the period of not more than sixty (60) days unless it shall appear that owing to physical incapacity or other good cause, he is unable to furnish such support; *provided*, that in case of conviction for the offense aforesaid, the court before which such conviction is had, may, in lieu of the penalty herein provided, accept from the person convicted a bond to the board of county commissioners of the county in which such conviction is had, with good and sufficient surety, conditioned for the support of the wife * * * for the term of six months after the date of said conviction;

and the court may accept such bond at any time after such conviction, and order the release of the person so convicted."

Mr. Wm. T. Rogers and Mr. A. J. Rising, for plaintiff in error.

Attorney General Byron L. Carr and Mr. Calvin E. Reed, Mr. John Hipp and Mr. C. W. Stephenson, of counsel, for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court.

The first objection to the information urged is, that plaintiff in error is charged with having committed the offense at an impossible date, viz: September, 1897. The information is carelessly drawn, but from the language employed, charging the time when the offense was committed, it is fairly inferable that it was at a date prior to the time when it was filed with the justice, and although it might have been successfully attacked at the proper time, by a motion on account of form, or ambiguity, it is too late to raise that question after trial. 1 Mills' Ann. Stats. sec. 1433. It is urged that the information does not state that plaintiff in error was a resident of the state. The offense consists of the willful neglect of a husband to provide reasonable support and maintenance for his wife. In charging an offense, it is sufficient to allege the facts constituting it, and is not necessary to aver facts to show affirmatively that the person charged is one who can be prosecuted for such offense. Nonresidents are excepted from the operation of the act; but it is not necessary to negative exceptions; if plaintiff in error was a nonresident of the state, that was a matter of defense.

It is contended that the evidence failed to establish the relationship of husband and wife between plaintiff in error and the prosecuting witness. It appears, conclusively, from a certified copy of the records, that the parties were married

in due form, at Golden, in this state, the 26, day of August, 1881. At this time, the prosecuting witness was a married woman, although she seems to have then believed she was divorced from her former husband. Plaintiff in error knew of her former marriage, but appears, also, to have believed that she had been divorced; so that, although the marriage contract of August 26, 1881, was a nullity on account of the incapacity of Mrs. Poole to enter into a valid marriage contract, both were innocent of any willful intention to commit a wrong. March 31, 1882, the former husband procured a divorce from Mrs. Poole. The plaintiff in error admits that he knew of these proceedings; whether Mrs. Poole did, is not altogether clear. After this knowledge on his part, with the exception of a very brief period, they continued to live together as husband and wife until sometime in 1891. Since that date, they have sustained that relationship, at least a greater portion of the time, down to September 19, 1896. If parties desire marriage, and do what they can to render their union matrimonial, but one of them is under a disability, their cohabitation thus matrimonially meant and continued, after the disability is removed, will, in law, make them husband and wife from the moment that such disability no longer exists. 1 Bishop on Marriage, Divorce and Separation, §§ 970, 979. Or, as otherwise stated by this author, "To employ words more nicely accurate, and cover a larger ground, the living together of marriageable parties a single day as married, they meaning marriage, and the law requiring only mutual consent, makes them husband and wife." 1 Bishop on Marriage, Divorce and Separation, § 975.

The facts in this case certainly bring the parties within the doctrine above announced. They attempted, in good faith, to enter into a legal marriage contract by procuring license, and solemnization of marriage in the usual way. After the disability of Mrs. Poole had been removed, they continued to live together as husband and wife, held each other out to the public as sustaining that relation; and although no subsequent marriage ceremony was performed, as

is usual to evidence contracts of this character, they having originally assumed the marriage relation in good faith, in pursuance of what they believed to be a valid contract of marriage, and having continued that relationship for a long period after it could have been legally assumed, raises the presumption that thereby they intended and meant marriage, mutually assented to a contract of that character.

The objection to the decree, was, that it was not properly certified under the act of congress, the certificate thereto being signed by a deputy clerk. Whether the attestation of the decree of a court of a sister state is sufficient when signed by a deputy clerk of the court only, it is not necessary to determine. The decree in question purported to find that the parties were, on the 1, day of April, 1882, capable of entering into a marriage contract, and that they were, on the said day, legally married. If not properly attested, the introduction of this decree might have been error on account of its possible influence on the jury in determining the issue of marriage; but the evidence of the plaintiff in error on this subject was, that Mrs. Poole and himself had lived together and recognized each other as husband and wife for a number of years after the inpediment to their legal marriage was removed; and this admission, coupled with the uncontroverted fact that they had attempted, in good faith, to enter into the marriage relation before that time, conclusively established this relationship, and therefore, the admission of the copy of this decree was not prejudicial error. Regarding this decree, Mrs. Poole testifies that her husband told her he had compared the identical copy which was offered in evidence, with the original, and informed her it was a true copy, and that in discussing the matter further, they agreed to accept it as evidencing their true relation; so, for the purpose of showing the character of this agreement, it was proper for the jury to consider the copy admitted. This, apparently, was the view entertained by the trial court, in ruling upon its admissibility, and subsequently instructing the jury upon the subject.

The statute authorizes the acceptance of a bond in lieu of the penalty provided; true, it does not designate that the bond shall be executed in any penalty, or in express terms empower the court to fix the penalty thereof; the bond shall be conditioned for the support of the wife for a specific period, but there can be no objection if the order therefor names the penalty in which it shall be executed, or the sum to be paid at stated intervals for her support. In the absence of specific provisions regarding the terms and conditions of the bond, the court has authority to make such order in relation thereto, as will subserve the purposes for which it is to be given, viz: the support of the wife for the period of six months from and after conviction of the husband for nonsupport.

Plaintiff in error was arraigned and pleaded not guilty before the justice. On appeal the cause came up for trial *de novo* on the issues made in the court below, and it was not necessary that he be rearraigned, or replead in the appellate court any more than it was necessary for the people to file another information. By arraignment before the justice, he was informed of the nature of the charge. Having there pleaded, the issues were made, and the effect of the appeal was to permit the plaintiff in error a new trial on such issues.

The statute upon which this prosecution is based does not change the law as to the civil liability of the husband to furnish his wife reasonable support; it provides a penalty in case he fails to do so, unless excused by physical incapacity or other good cause; he is not relieved from furnishing such support on account of the financial means of his wife, either by the general law, or the statute, and so the offer of plaintiff in error to prove that the prosecuting witness had means of her own, at a time several months prior to the institution of these proceedings, it not being claimed that such means were obtained from the husband, was wholly immaterial. There is no reversible error, and the judgment is affirmed.

*Affirmed.*