No. 11,116.

BRIGGS v. THE PEOPLE.

Decided February 2, 1925. Rehearing denied March 2, 1925.

Plaintiff in error was convicted of embezzlement.

*Affirmed.*

On Application for Supersedeas.

1. CRIMINAL LAW—*Directed Verdict—Evidence.* Where accused moves for a directed verdict at the close of the people's case, he is not entitled to have an adverse ruling reviewed on the record as then made, unless he stands on his motion. If he introduces evidence, the correctness of the ruling is determined from the state of the evidence at the end of the trial.

2.    *Embezzlement.* Where the president of a bank withdrew securities for the purpose of selling them with the understanding that he was to credit the proceeds on an indebtedness to the bank, but instead, deposited the check received therefor to the credit of his personal account, he was guilty of embezzlement.

3.    *Grades of Offenses—Verdict—Effect.* A verdict of guilty of a lower offense charged in an information, and not guilty of a higher, involves no inconsistency.

4.    *Embezzlement—Check.* The contention of a defendant charged with embezzlement of the proceeds of a check, that having delivered it to the bank upon which it was drawn there was no conversion, is overruled, it appearing that he deposited it to the credit of his personal account.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. S. HARRISON WHITE, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of embezzlement and fined $2,000. To review that judgment he brings error and asks that the writ be made a supersedeas. The cause is now before us on that application.

Defendant first contends that as he moved for a directed verdict at the close of the people's case on the ground of insufficient evidence, he is now entitled to have the trial court's adverse ruling on that motion reviewed on the record as it then stood. He is mistaken. He could only so confine the review by standing on his motion. Otherwise the correctness of the ruling is determined from the state of the evidence at the end of the trial. Thompson on Trials (2nd Ed.) Vol. 2, § 2271. The reason is apparent. Should such a motion be made and overruled, when there was in fact no evidence to support the case of a plaintiff, and

defendant elect to proceed, and supply that evidence, the rule here contended for would oblige us to nonsuit a plaintiff the justice of whose demand was admitted by his adversary, or discharge for lack of evidence, a prisoner who had confessed in open court.

Defendant was president of a bank. He obtained money from the bank for which his mother gave her notes. These notes defendant secured by real estate and collateral belonging to him. Later, to meet a protest of the bank examiner, the notes of Howard and his wife, friends of defendant, were substituted for the notes of defendant's mother. Among the securities were 8,500 shares of stock belonging to defendant. An effort was being made by the bank and defendant to reduce this indebtedness and, in "working it out," it was agreed that he should sell the securities and use the proceeds to reduce the loan. He received said shares of stock from the teller of the bank and sold them for $1,700, evidenced by the purchaser's check for that amount payable to defendant's order. Instead of applying this amount on the Howard notes he indorsed the check and deposited it to his own credit in his own bank, on which it was drawn.

The information contained eight counts. Before the jury was instructed the people elected to stand on the second, fourth and seventh. The jury was then instructed that it could not return defendant guilty on more than one count and its verdict was based on the second. That count reads in part: "Said Frank N. Briggs had in his possession and under his control, by virtue of his position as said officer and director, a certain check and order for the payment of money dated November 3, A. D. 1921, payable to the order of F. N. Briggs for the sum of seventeen hundred dollars signed Amter and Company, by Amter, and drawn upon said The Interstate Trust Company which said check was then and there of the value of seventeen hundred dollars, and was then and there the funds, security and property of and under the control of said bank; and the said Frank N. Briggs as said officer and director, and while so in the

possession of said check, did then and there willfully, unlawfully and feloniously embezzle and cause to be embezzled, and fraudulently convert to his own use, said check without the consent of said bank, and with intent to deceive, injure, cheat, wrong and defraud said bank, its directors, stockholders and depositors."

The fourth count charged that defendant "abstracted and converted to his own use" the stock in question, and the seventh that he "unlawfully and feloniously misapplied said check with intent to deceive, injure, cheat, wrong and defraud said bank."

Defendant was convicted under section 2675, C. L. 1921, which reads: "No officer, director, owner or employe of any bank shall, directly or by indirection, embezzle, abstract or misapply, or cause to be embezzled, abstracted or misapplied, any of the funds or securities or other property of or under the control of a bank, with intent to deceive, injure, cheat, wrong or defraud any person."

The penalty for violation of said section is fixed by section 2740, C. L. 1921 as "a fine of not to exceed two thousand dollars, or by imprisonment in the penitentiary for a term not to exceed twenty years, or by both such fine and imprisonment."

1. Counsel for defendant says the evidence failed to show that the check in question was the property of the bank, because; (a) The check was not in possession or under control of the bank; (b) the check was made payable to Briggs personally; (c) the collateral was not sold on foreclosure under the terms of the Howard note, hence the bank could have nothing more than a lien on it; (d) defendant owned the pledged stock and when he sold it otherwise than according to the pledge, the bank had no greater interest in the check he received than it had in the stock; (e) fraudulent conversion of property belonging in part to the person charged does not constitute embezzlement.

All these objections are fully answered by simply stripping from this transaction the husks of fiction and exposing the kernel of fact. For this purpose the Howards must

be discarded as mere names. This was the debt and stock of Briggs and the bank knew it. He and the bank could and did modify the original contract. Under that modification he obtained possession of the stock for a specific purpose. In that possession he represented both himself and the bank. The instant he sold the stock the bank owned the proceeds; whether check, cash or draft is wholly immaterial. Defendant was then a mere agent to receive and pay over. His possession was the possession of the bank. The only shadow of interest he had was the right to have those proceeds credited on the debt. When he deposited the check to his personal credit he transferred it from the possession of the bank, through himself as president, to the possession of Briggs individually. In other words he put the bank's money in his pocket and spent it.

2. It is next said that defendant was guilty, if at all, not under said section 2675, but under section 6734, C. L. 1921, because the former is a general statute and the latter special, and particularly applicable to the facts of the case, and that special provisions govern general. The principal difficulty with this argument lies in the fact that if either is special it is the former, and that said section 6734 was passed in 1907, whereas section 2675 was passed in 1913.

3. Again, the proposition is advanced that if defendant was guilty of anything he was guilty of "misapplication" not embezzlement, and that as the former is the broader term and includes the latter the verdict of not guilty on count seven included count two. That is to say, if in a murder case forms of verdict including first and second degree should be submitted to a jury its finding of not guilty in the first degree and guilty in the second degree would be equivalent to a verdict of not guilty in any degree. The contention is without merit. No return as to count seven would have been equivalent to a verdict of acquittal thereon. *Jolly v. U. S.*, 170 U. S. 402, 18 Sup. Ct. 624, 42 L. Ed. 1085. A verdict of guilty of the lower offense and not guilty of the higher involves no inconsistency. *State v. Schell*, 172 Ia. 127, 153 N. W. 62.

4.   The last proposition is that there was no conversion of the check in question because it was delivered to the bank on which it was drawn and such delivery was intended by the drawer.   So far as this case and this defendant are concerned it is wholly immaterial where the check was delivered.   The question is, With what intent and what result was it delivered?   Defendant might have cashed it with an individual or with some other bank.   The legal effect of the transaction would not be thereby altered.

We are forced to the conclusion that no one of these assignments has merit.   Counsel for defendant says in his opening brief that those only are argued which, in his opinion, are fundamental and necessarily fatal to any conviction.   Assuming he has presented all such, the others need not be noticed.   The people urge that the judgment be affirmed on this application.   We think they are correct.   Particularly is this true in view of the time consumed in presenting the cause here.   Sentence was pronounced May 31, 1924, and this application was not submitted for our consideration until January 16, 1925, and nothing approaching reversible error has been brought to our attention.

The supersedeas is accordingly denied and the judgment affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR not participating.