No. 11,369.

PRICE v. THE PEOPLE.

Decided November 2, 1925.

Plaintiff in error was convicted of embezzlement.

*Affirmed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Information.* Where a second information is filed in a criminal case, to which no objection is made by defendant, it stands in lieu of the first which is thereby dismissed.

2. *Information—Appeal and Error.* Where an information, which is not attacked in the trial court, clearly charges a crime and the jurisdiction of the court is not questioned, it is not otherwise vulnerable on review.

3. *Embezzlement—Information.* In a prosecution for embezzlement where sums of money were alleged to have been converted at different times, it was proper to charge the conversions in a lump sum.

4.      *Arraignment.* There need be no rearraignment in a criminal case under an information or indictment filed in lieu of another to which a plea has been entered.

5.      APPEAL AND ERROR—*Questions not Raised Below.* Questions not presented by motion for a new trial, may not be raised in the Supreme Court, on review.

6.      CRIMINAL LAW—*Embezzlement—Information—Ownership.* Allegation of qualified ownership in a criminal information is sufficient to support the charge of embezzlement so far as the element of ownership is concerned.

7.      *Embezzlement—Instructions.* In a prosecution for embezzlement a requested instruction to the effect that lawful possession of the property of another justifies a conversion, is properly refused.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of embezzlement and sentenced to the state penitentiary for not less than one nor more' than two years. To review that judgment he brings error and asks that the writ be made a supersedeas.

May 9, 1925, defendant was informed against for embezzlement, the charge being that as undersheriff of the City and County of Denver he converted to his own use funds of the municipality in his hands as such officer. To that information he entered a plea of not guilty on May 16, and ten days later the district attorney filed a bill of

particulars specifying, as the items covered by the charge, eight sums ranging in amount from $6.25 to $48.00, said to have been received by defendant at various times between March 3 and April 16. A demurrer to this information was filed and overruled. On the same day a second information, charging the same offense, was filed "in lieu of the information filed in this case on the 9th day of May." The latter was unsupported by any bill of particulars and undemurred to and the record discloses no arraignment thereon. Trial was begun on the date of the filing of the last information and defendant moved that the prosecutor be required to elect as to which item he would proceed upon. That motion was denied, as was also defendant's motion for a directed verdict, filed at the close of the people's case, and his motion for a new trial.

It was the contention of the people that the defendant had misappropriated certain sums coming into his hands from three sources: (a) Expenses collected for deputies and not paid to them; (b) expenses collected from outsiders and not officially used; (c) padded expense bills. All this was amply supported by evidence which requires no review here. Defendant testified in his own behalf and that testimony weighs heavily against him.

Counsel for defendant now say: (1) The demurrer to the information should have been sustained; (2) the people should have been required to elect as between the several items; (3) there was no arraignment and plea; (4) the evidence does not show that the money taken belonged to the municipality as charged; (5) defendant's requested instruction No. 1 was erroneously refused.

1. The second information, being unobjected to by defendant, stood in lieu of the first which was thereby dismissed. 31 C. J. 638; *Bosko v. People*, 68 Colo. 256, 188 Pac. 743. That information was not attacked below. It clearly charges embezzlement and the jurisdiction of the court is not questioned. The information is not otherwise vulnerable here. 31 C. J. 822, § 411; *Poole v. People*, 24 Colo. 510, 513, 52 Pac. 1025, 65 Am. St. Rep. 245.

2. The second information, on which trial was had, did not separately charge the items, and as to it no bill of particulars was demanded or filed. By the great weight of authority such conversions may be charged in a lump sum. 1 Wharton's Crim. Proc. (10th Ed.) § 598, p. 780. A public officer may not escape prosecution for a felony by dividing his peculations into numerous small items.

3. One tried in a court of record on a charge to which he has entered a plea in justice court need not be re-arraigned. *Poole v. People, supra.* For the same reason there need be no arraignment when an information or indictment is filed "in lieu" of another to which a plea has been entered. Moreover, the question was not presented by motion for new trial, and under rule 8 of this court cannot be raised here for the first time.

4. Every dollar misappropriated by defendant came into his hands by virtue of his official position and could have been recovered from the municipality by those entitled to it. It was either the property of the City and County of Denver, or held in trust by it, through this official, for a specific purpose. Such qualified ownership is sufficient to support a charge of embezzlement. 1 Wharton's Crim. Proc. (10th Ed.) § 592 p. 766.

5. Defendant's requested instruction No. 1 reads: "The jury are instructed that if you find from a preponderance of the evidence the defendant Price took the money which he is charged as having embezzled without concealment, and under a bona fide claim of right that such conversion is not embezzlement under the law, and in that event your verdict must be for the defendant."

There is nothing in the evidence to support a claim of no concealment, and the only evidence of "claim of right" is that defendant claimed he was entitled to all expense money coming into his hands and not used. This is equivalent to a contention that any lawful possession of the property of another justifies conversion. The law will not so stultify itself as to recognize such a fictitious claim of

right as a defense to embezzlement.   The instruction was properly refused.

Finding no reversible error in the record the supersedeas is denied and the judgment affirmed.

MR. JUSTICE SHEAFOR not participating.