## No. 11,620.

## DICKSON v. THE PEOPLE.

Decided June 27, 1927. Rehearing denied September 26, 1927.

**Plaintiff in error was convicted of embezzlement.**

### *Affirmed.*

1. APPEAL AND ERROR—*Motion for New Trial—Review.* Under Colorado Supreme Court rule 8, the court is limited on review to questions presented by the motion for a new trial.

2. *General Objection—Motion for New Trial.* The objection in a motion for a new trial that "the verdict is contrary to the law and the evidence" is not sufficiently specific to require a review of questions concerning failure of proof of corporate capacity of the company from which money was embezzled, and instructions on flight.

3. CRIMINAL LAW—*Trial—Remarks of District Attorney.* While remarks of the district attorney in his argument to the jury may have been unjustified under the evidence and of such character as to merit rebuke from the court, if they were not prejudicial to the rights of defendant they afford no basis for a reversal.

4. *Trial—Cross-Examination of People's Witness by District Attorney.* Permission to the district attorney to cross-examine and propound leading questions to a witness called by the people in a criminal case, rests in the sound discretion of the court.

5. WITNESSES—*Cross-Examination.* The exclusion of the cross-examination of a witness on a question immaterial to the issues is not error.

6. APPEAL AND ERROR—*Admissibility of Evidence.* Objections based on the admissibility of evidence will not be considered on review where the abstract shows neither objection nor exception to the offered evidence when given.

233

7. CRIMINAL LAW—*Trial—Striking Evidence.* Whether the striking of improper evidence with an instruction to the jury to disregard it cures the error of its admission depends upon the particular facts and circumstances appearing in the case. Error held cured in the instant case.

8. *Motion to Dismiss—Review.* An assignment based on the overruling of a motion to dismiss at the close of the people's case will be considered on review in the light of the evidence at the end of the trial, where defendant did not stand on his motion.

9. *Motion to Dismiss.* In the trial of a criminal case, there being a controverted issue of fact, the case is for the jury and a motion to dismiss is properly denied.

10. *Instructions—Requests.* In a criminal prosecution for embezzlement, there being no evidence as to a taking under claim of right, requested instructions on this point were properly refused.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

Mr. J. W. KELLEY, Mr. J. D. KELLEY, Mr. CHARLES E. ROBERTS, Mr. L. J. CROWLEY, Mr. W. R. RAMSEY, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, Mr. CLARENCE J. MORLEY, for the people.

*Department Two.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

ON a verdict of guilty of embezzlement the plaintiff in error (hereinafter referred to as defendant) was sentenced to the penitentiary for a term of two to four years. To review that judgment he brings error and contends: (1) That while he was charged with, and convicted of, the embezzlement of $1,000 from the "Colorado Indus-

trial Loan and Investment Company, a Corporation,'' there was no evidence that said company was a corporation on the date alleged; (2) that the jury was erroneously instructed on the subject of flight; (3) that the district attorney committed prejudicial error in his argument to the jury; (4) that the district attorney was permitted to impeach his own witness; (5) that defendant's counsel was erroneously limited in cross-examination; (6) that error was committed in admitting certain immaterial, prejudicial, and incompetent testimony and was not cured by striking it; (7) that the court should have sustained defendant's motion to dismiss at the close of the people's case; (8) that defendant's requested instructions 5 and 6 were erroneously refused.

Defendant, while president of the Colorado Industrial Loan and Investment Company, and in charge of its business, drew a check on its funds for $1,000, payable to ''cash,'' and converted the proceeds. He charged the check to what was called the ''G. V. Hunt account,'' thus overdrawing that account more than $500. There is evidence that he did this without authority; that Hunt, who was his partner, received nothing from the transaction and that the loss fell upon the company. In other words, that defendant so manipulated a bookkeeping transaction as to transfer the company's money to his pocket.

1. Under rule 8 of the rules of this court our review is limited to questions presented by motion for a new trial. The purpose is to require that the trial court be given a fair opportunity to correct its own errors. It is not contended that this question was raised by the motion for a new trial unless by the bald statement that ''the verdict is contrary to the law and the evidence.'' If that is sufficient nothing more would be required in any motion for a new trial in any case, no such motion would call the court's attention to anything, and rule 8 would be useless for any purpose.

2. Our observations as to No. 1 are equally applicable to No. 2,

3. It appears that some contention had been made by counsel for defendant that his client's liability, if any, was civil, not criminal. The assistant prosecutor in addressing the jury caustically condemned the contention in the face of what he alleged was overwhelming proof of guilt. In doing this he used the following expressions: "But let a man steal twenty or twenty-six thousand dollars, as this man has stolen it, and then they come before you and ask you to send him up to the civil division, and let them sue him up there. A great lot of good, to sue the likes of this thing in the civil division." "I am letting my feelings get beyond me." "If you steal fifty dollars, you are guilty of grand larceny, and liable to go to the penitentiary; if you steal twenty thousand dollars, you are guilty of glorious larceny  * * *  and are to be commended for your ingenuity in being able to slip it over  * * *  on the poor stockholders of the corporation, who invest their money, who now see it all squandered, the company in the hands of a receiver, and their hard earned money gone to pay for the pleasures of the man who was clever enough to steal twenty-six thousand dollars instead of stealing fifty dollars." To the repeated objections of counsel for defendant the court said: "All right," "Yes," and "He is charged with stealing a thousand dollars." The only evidence to support these remarks of the prosecutor is that of an expert accountant who said there was $26,000 "due the company. I didn't say it was a shortage." The jury was instructed that a conviction could only be had upon the evidence "and the arguments of counsel are not evidence." The quoted phrases were unjustified. The court should have dealt vigorously with the offender and cautioned the jury to disregard the language. We cannot, however, say that the error was prejudicial. On the contrary we feel that the jury understood the purport of the reference and that under the evidence no other verdict could have been returned,

4. People's witness Hunt, to whose account defendant had charged the $1,000 check, testified on direct examination that this charge was without authority. On cross-examination he said it was with authority and gave details which could not possibly be true unless he had testified falsely on direct. Under such circumstances the court permitted counsel for the people to conduct a further inquiry in the nature of cross-examination and put leading questions. This is one of those matters, relating to the general conduct of trials, which rests in the sound discretion of the court. *Polochio v. People,* 76 Colo. 574, 578, 233 Pac. 833.

5. The excluded cross-examination related to an attempt to show a settlement. Of what does not clearly appear. But whether of the amount in question or some other it was equally immaterial. *Pepper v. People,* 75 Colo. 348, 353, 225 Pac. 846. In the reply brief counsel for defendant explain their position thus: "Had the witness Plettner been permitted to answer the questions concerning this account the jury would have seen that it had been satisfactorily adjusted, and the natural inference would follow that the Hunt-Dickson account (which was the basis of this prosecution) was also merely a civil liability." In other words evidence that one transaction was untainted with criminality was admissible for the purpose of raising the presumption that another was equally innocent. This is but the reverse of that erroneous theory so often condemned by the courts that proof of one crime justifies an inference of the commission of another, and is equally illogical. We are unfamiliar with any rule, and our attention has been called to no authority, which supports the proposition.

6. This point is not well taken for three reasons: (a) The abstract shows neither objection nor exception to the particular evidence when given; (b) defendant's counsel cross-examined at length on the same subject; (c) when the immateriality of the evidence was called

to the court's attention the jury was thus instructed: "You will disregard the evidence concerning this $800 check. It has nothing to do with the case we are trying." Whether the striking of improper evidence, plus an instruction to the jury to disregard it, cures the error of its admission depends upon the particular facts and circumstances. In the instant case we must answer that it did.

7. It is contended that the motion to dismiss should have been sustained because it appeared, at the close of the state's case, that the money was converted under a bona fide claim of right. 20 C. J. 436. But since defendant did not stand on his motion, his present contention must be considered in the light of the evidence at the end of the trial. *Briggs v. People,* 76 Colo. 591, 233 Pac. 836. There is evidence which justifies the conclusion that defendant converted the cash as claimed and merely sought to cover it by the check which his counsel says he had authority to draw and charge. There is also evidence which justifies the conclusion that he had no such authority. Hence the facts were for the jury and the motion was properly denied.

8. Defendant's requested instructions 5 and 6 present his defense of taking under a claim of right. He did not take the stand and there is no evidence as to his claim. The defense was as ineffectual here as in *Price v. People,* 78 Colo. 223, 240 Pac. 688, and the comment there made is here applicable.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.