**195 P.2d 149**

**Ex parte COONE.**

**No. 5034.**

Supreme Court of Arizona.

June 28, 1948.

Nolen L. McLean, of Tucson, for appellant.

Thomas J. Elliott, of Tucson, for appellee.

UDALL, Justice.

Wilma F. Coone appeals from an order of the superior court of Maricopa county quashing a writ of habeas corpus and remanding her to the custody of the sheriff for confinement under the commitment issued by the superior court of Pima county.

The appellant was charged by a verified complaint filed in the city court of the city of Tucson with the misdemeanor offense of violating section 66-403, A.C.A. 1939, known as the reckless driving statute. Section 16-1101, A.C.A.1939, as amended by chapter 4, Second Special Session of the Seventeenth Legislature, 1946, gives police courts "concurrent jurisdiction with justices of the peace in the precincts where said city or town is established, over all

violations of the laws of the state committed within the limits of said city or town." Appellant was duly arraigned, entered a plea of not guilty, and after a trial regularly held was found guilty by the city magistrate and sentenced to pay a fine of sixty dollars and imprisonment in the county jail for a term of fifteen days.

An appeal from this judgment was taken to the superior court of Pima County as authorized by the provisions of article 6, section 6, constitution of Arizona; section 44-2601, A.C.A.1939, and section 7, chapter 12, charter of the city of Tucson. The city magistrate transmitted to the clerk of the superior court all the papers in the case and a copy of all the proceedings had therein. Section 44-2603, A.C.A.1939. These were filed and docketed by the clerk and thereafter the cause was tried de novo in the superior court on the original verified complaint with the city attorney prosecuting the case. The jury returned a verdict of guilty whereupon the defendant was sentenced by the court to pay a sixty dollar fine and serve thirty days in jail.

Appellant then filed a petition for habeas corpus with this court. Order granting writ was entered requiring the sheriff of Pima county to produce the body of petitioner before the Honorable Thomas J. Croaff, judge of the superior court of Maricopa county. A hearing was had on the return day whereupon the writ was quashed and the petitioner remanded. This appeal followed.

Appellant contends that it was error for the superior court of Maricopa county to quash the writ of habeas corpus. Two novel inter-related questions are raised by the appeal: (1) In the prosecution of an appeal from the city court in a criminal case, is it necessary for the county attorney to file an information before the de novo trial can proceed in the superior court? (2) May the city attorney prosecute a defendant taking such an appeal, or does this duty devolve wholly upon the county attorney?

It is the gist of appellant's argument that her constitutional rights were violated because an unauthorized person, to-wit, the city attorney, prosecuted her in the superior court; and, secondly, that she was prosecuted in a court of record upon a verified complaint, rather than a prosecution by the county attorney upon an information filed directly by the latter.

No pertinent cases are cited by appellant in support of her contentions. Primarily, reliance is had upon article 2, section 30, of the constitution of Arizona: "No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment; * * *" coupled with the statutory provision, section 17-902, A.C.A.1939, that the county attorney shall:

"(1) Attend the superior and other courts within the county, and conduct, on

behalf of the state, *all* prosecutions for public offenses; (Emphasis supplied.)

"(2) * * *

"(3) Draw all indictments and informations, * * *"

■ It appears to us that appellant fails to differentiate between the original and appellate jurisdiction of the superior courts in criminal matters. Section 44-702, A.C.A. 1939, reads: "Prosecution must be by indictment or information—Exceptions.— Every felony and every misdemeanor over which the superior court has original jurisdiction, must be prosecuted by indictment or information, and every misdemeanor may be prosecuted by indictment or information. This shall not apply * * * or when offenses are tried in justice's, recorder's or police courts." Hence, in criminal cases over which the superior court has original jurisdiction, defendants must necessarily be prosecuted by information or indictment; however, as to its appellate jurisdiction, section 6, article 6, constitution of Arizona, provides: "* * * Said court (the superior court) shall have such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law. * * *" And the law governing criminal appeals from inferior courts, section 44-2604, A.C.A.1939, reads: "Every such appeal shall be tried de novo in the superior court, * * *."

■ Therefore appellate jurisdiction of the superior court on an appeal from the city court in a criminal case is entirely derivative. The very foundation of such jurisdiction is the verified complaint made in the city court. Commonwealth v. Duggan, 257 Mass. 465, 154 N.E. 67; State v. Goff, 205 N.C. 545, 172 S.E. 407; State v. Smith, 306 Mo. 451, 267 S.W. 869; People v. Powers, 272 Mich. 303, 261 N.W. 543.

If appellant's contention were correct that an information must be filed by the county attorney before the prosecution in the de novo ´trial can proceed in the superior court, then it would logically follow that the appellant would have to be rearraigned and a new plea taken. While there are no express statutory enactments governing these matters nor have these precise questions been passed upon in this jurisdiction, yet we do find in the case of Condos v. Superior Court, 29 Ariz. 186, 239 P. 1032, that this court fully recognized the plenary authority of the city attorney to control the prosecution in the superior court of an appeal in a criminal case originating in the city court. "It has been the custom for many years for all appeals from the police courts of the various cities in Maricopa county to be handled by different city attorneys; the county attorney's office taking no charge thereof. * * *" Furthermore in the same case this enlightening statement appears: "* * * A criminal cause on appeal to the superior court is tried de novo, * * * and this, of course, is not another prosecution but the original one. * * *" And in the

case of Burris v. Davis, 46 Ariz. 127, 46 P. 2d 1084, 1086, we said: "* * * It is true that on such an appeal the defendant is entitled to a trial de novo and the case will be heard on both the law and the facts as though it had originated in the superior court. * * *"

The supreme court of Colorado in a long line of decisions, commencing with the case of Poole v. People, 24 Colo. 510, 52 P. 1025, 1027, 65 Am.St.Rep. 245, has adhered to the view that in criminal appeals from inferior courts a new arraignment, plea, or information is not necessary. We quote: "Plaintiff in error was arraigned and pleaded not guilty before the justice. On appeal the cause came up for trial de novo on the issues made in the court below, and it was not necessary that he be rearraigned, or replead in the appellate court any more than it was necessary for the people to file another information. By arraignment before the justice, he was informed of the nature of the charge.

Having there pleaded, the issues were made, and the effect of the appeal was to permit the plaintiff in error a new trial on such issues." See also Price v. People, 78 Colo. 223, 240 P. 688; 22 C.J.S., Criminal Law, § 403.

There is some division of authority on the proposition as to whether an information need be filed in a trial de novo on appeal. We quote from 22 C.J.S., Criminal Law, § 403, page 614. "In a number of jurisdictions the trial de novo in the appel-

late court may be on the original complaint or affidavit or warrant on which the prosecution was based in the lower court. In such case a new complaint or information need not ordinarily be filed in the appellate court although it may be. In some jurisdictions, however, an information is filed in the appellate court based on a transcript sent up by the court below. * * *" An examination of cases cited in the footnotes shows the divergence is based largely upon differing constitutional and statutory provisions. We believe, in construing all of our constitutional and statutory provisions together, that Arizona properly falls with the first-mentioned group that comprises the great majority and better-reasoned cases.

If the lawmakers had intended that an information be filed under circumstances such as these, there would be no occasion for sending up the original record from the inferior court when an appeal is taken. Also it is significant that in defining the duties of the county attorney no mention is made of that officer's being charged (as the attorney general is on appeals to the supreme court, section 4-502, A.C.A.1939) with the responsibility of handling criminal appeals from inferior courts to the superior court.

In the case of Keller v. State, 46 Ariz. 106, 47 P.2d 442, this court had under consideration an appeal from a superior court judgment of conviction based upon a complaint originating in the city court, which

had been tried de novo on appeal. After having determined that the city court had no jurisdiction of the offense charged, as the ordinance upon which it was based was invalid, we held that the judgment of conviction in the superior court could not be sustained on the theory that the complaint also stated a public offense under a state statute; and that defendant's second conviction was in a court of competent jurisdiction, this for the reason that it was not an original proceeding prosecuted by indictment or information.

The principle there involved is succinctly set forth in 22 C.J.S., Criminal Law, § 392, page 581, viz.: *"As dependent on inferior court's jurisdiction.* If the inferior court had no jurisdiction, an appeal from its decision gives the appellate court no jurisdiction, except to dismiss the prosecution for want of jurisdiction in the lower court, even though the appellate court would have had jurisdiction had the action originated therein, *as its jurisdiction is predicated and dependent on the jurisdiction of the inferior court;* and the fact that the case is tried de novo in the superior court does not enable that court to treat the action as though it had been commenced therein; * * *." (Emphasis supplied.)

We hold that the appellant was properly tried in the superior court on the original verified complaint transmitted from the city court, and that the city attorney was the proper officer to prosecute

said appeal; hence, the constitutional rights of appellant were in nowise infringed.

Judgment affirmed.

STANFORD, C. J., and LaPRADE, J., concur.