GWYNN, IMPLEADED, ETC., v. BUTLER.

1. AMENDMENT OF PLEADINGS.—Pleadings may be amended on the trial of an action; and an amendment allowed at the opening of a trial, though not actually incorporated into the record until afterwards, is not ground for reversal when it appears that the time and mode of amendment did not affect the substantial rights of the parties.

2. CONVEYANCE FRAUDULENT AS TO CREDITORS.—A voluntary conveyance by a husband to his wife which is intended or which tends to defraud existing creditors of the husband cannot be upheld against such creditors. If the husband be insolvent at the time of making such conveyance, or if by reason of such conveyance he is rendered unable to pay his existing debts, the wife's title will be deemed fraudulent. Under such circumstances the conveyance cannot be sustained on the ground that the wife was innocent in accepting it or ignorant of its effect upon her husband's creditors.

3. WEIGHT AND EFFECT OF EVIDENCE.—When the trial is by the court without a jury, the court is the judge, not only of the credibility of the witnesses and of the weight of the evidence, but of the inferences properly deducible from the facts and circumstances as proved.

*Appeal from District Court of Arapahoe County.*

IN this case judgment was rendered in the district court in favor of Hugh Butler, plaintiff, against George R. Gwynn and Elizabeth Gwynn, his wife. The defendant Elizabeth brings this appeal.

Mr. L. C. ROCKWELL and Mr. HARRY CARR, for appellant.

Mr. HUGH BUTLER *pro se.*

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The assignments of error present two principal grounds for the reversal of the decree : *First*, that complaint does not state facts sufficient to constitute a cause of action ; *second*, that the evidence was not sufficient to support the findings of the court.

1. The complaint of Mr. Butler, plaintiff below, was in the nature of a creditor's bill.   Having an unsatisfied judgment against the defendant George R. Gwynn, Mr. Butler sought by this action to subject to the satisfaction of such judgment certain real property, hereinafter described, the title of which stood in the name of the other defendant, Mrs. Elizabeth Gwynn, wife of said George.

From the complaint it appears that during the winter and early spring of 1885, the defendant, George R. Gwynn, was in possession of certain mining property from which he had realized a considerable sum of money, a large part of which, to wit, $10,000, was at some time during February or March of that year turned over to his wife and removed from the state of Colorado.

Early in March, 1885, Mr. Gwynn became involved in litigation concerning said mining property and the proceeds thereof, in consequence of which he employed Mr. Butler as his attorney and counselor at law.   Through Mr. Butler's services a compromise and settlement were effected by which Mr. Gwynn's interests in said mining property and the proceeds thereof as aforesaid were secured, and by which, also, certain ores of the value of about $7,000 and the further sum of over $4,000 in money were realized by Mr. Gwynn.

The complaint shows that of these last mentioned sums so realized, Gwynn caused over $8,000 to be immediately transferred to his wife without consideration, and that shortly thereafter $5,000 of said moneys were invested in certain real property in the name of his wife as above stated, and that such transfer and investment were made with intent to cheat and defraud the plaintiff.   The complaint further

shows that in August, 1885, Mr. Butler sued Mr. Gwynn and obtained judgment against him for the sum of $2,000 and costs on account of the legal services rendered as aforesaid; and that at and before the commencement of the present action to secure satisfaction of said judgment, the said George R. Gwynn had become and was insolvent, having no property in the state of Colorado subject to execution out of which said judgment could be collected.

It is objected by appellant that the complaint is insufficient because it does not show that Gwynn was insolvent at the time he caused any of the said several sums of money or property to be transferred or conveyed to his wife.

It is true, the original complaint does not expressly state that Gwynn was insolvent at the time the property and moneys aforesaid were transferred and conveyed to his wife; but the findings of the court upon this subject as shown by the record are as follows:—" That the said George R. Gwynn received from the sale of ores taken from said Great West Mines in the winter and spring of 1884–5 large sums of money, to wit: about $20,000, practically all of which was turned over by him to the defendant Elizabeth Gwynn, his wife; that all of said money was so turned over without any valuable consideration, and a large portion thereof in bad faith, and with the wrongful intent to place the said money out of and beyond the reach of the creditors of said George R. Gwynn; * * * that by reason of turning over said money said George R. Gwynn was left practically insolvent and without any available property out of which plaintiff or other creditors could satisfy their demands; and that the premises mentioned in the complaint, lots number 10 and 11, block 59, Case & Ebert's addition to the city of Denver, were purchased on or about April 14, 1885, with part of the money so wrongfully and fraudulently turned over by said Gwynn to his wife, and the title thereto taken in the name of the said Elizabeth Gwynn; and that at the said time the demand of plaintiff had fully accrued against said George R. Gwynn; and by reason of the facts aforesaid the said premises were the prop-

erty of said George R. Gwynn as to the plaintiff, a creditor at said time." The record further shows that by leave of the court the plaintiff " amended his complaint so as to conform to the evidence and facts aforesaid." In this manner the pleadings were made to conform to the proofs as provided by section 78 of the Code. The bill of exceptions shows that the order of the court allowing such amendment was made at the opening of the trial against the objection of defendants; but no postponement of the trial or other terms were asked for in consequence of such order. It is apparent that the time and mode of amendment did not affect the substantial rights of the parties.

2. A second ground of objection urged against the complaint is, that there is no sufficient averment that Mrs. Gwynn participated in the fraudulent intent which her husband may have entertained in conveying the property to her as alleged.

Unquestionably, a husband may convey property to his wife to be thereafter held and enjoyed by her in her own name and right; and when the husband is free from debt at the time, or in such circumstances that he has abundant means left wherewith to meet promptly all just demands then existing against him, such conveyance, though without valuable consideration, will vest in the wife a valid title to the property. But a voluntary conveyance, that is, a conveyance not supported by a valuable consideration, by a husband to his wife which is intended or which tends to defraud existing creditors of the husband cannot be upheld against such creditors. If the husband be insolvent at the time of making such conveyance, or if, by reason of such conveyance he is rendered unable to pay his existing debts, the wife's title will be deemed fraudulent, and the property thus conveyed may be subjected to the payment of such debts. Under such circumstances, it will be no defense against the claims of such creditors to show that the wife was innocent of any fraudulent·intent in the transaction, or ignorant of the effect of the conveyance upon her husband's creditors. Bump on Fraudulent Conveyances (2d ed.), 267 *et seq.*; *Thomas v. Mackey,*

3 Colo. 392; *Burdsall v. Waggoner*, 4 Colo. 258; *Belt v. Raguet*, 27 Tex. 471; *Ellinger et al. v. Crowl et ux.*, 17 Md. 361.

3. On the trial all the parties gave their testimony; Mr. Butler and Mr. Gwynn were examined orally in open court; Mrs. Gwynn's evidence was taken by deposition. It was clearly established that the proceeds of Mr. Gwynn's mines were turned over to his wife without consideration during the time and in the several amounts substantially as charged in the complaint. Thus, the property which Mr. Butler by his professional skill was instrumental in securing to Mr. Gwynn, passed into the hands of Mrs. Gwynn, and Mr. Butler was left unpaid for his services.

It is unnecessary to discuss at length either the direct evidence or the facts and circumstances bearing upon the alleged fraudulent intent or insolvency of Mr. Gwynn. The trial was by the court without a jury. The court, therefore, was the judge not only of the credibility of the witnesses and of the weight of the evidence, but of the inferences properly deducible from the facts and circumstances as proved. Upon the whole evidence we cannot say that the trial court was not warranted in resolving all the material issues in favor of the plaintiff. The judgment is accordingly affirmed.

*Affirmed.*