[No. 4700.]

## MOCK ET AL. v. CHANEY.

**1.  Divorce—Right to Marry—Marrying Outside of State.**

Where in a suit for partition of certain lands owned by plaintiff's husband, deceased, who had previous to their marriage obtained a divorce from a former wife in Colorado on January 12, 1899, and under the laws of such state was not entitled to remarry for a year, but did marry plaintiff in another state in March, 1899, both being previously residents of Colorado and returning there immediately after the ceremony, where they continued to live as husband and wife until the death of the husband in June, 1900; held, without passing upon the validity of the marriage performed in another state within the one year prohibited by the statute, that as the parties continued to live together as husband and wife after the statutory disability was removed, they were in law husband and wife from the 12th day of January, 1900.—P. 63.

**2.  Same—Judgment, nunc pro tunc.**

Where, in a suit for partition of certain lands owned by plaintiff's husband, deceased, it appeared that plaintiff sued a former husband for divorce in another state in 1891, and that he appeared therein and the judge made findings of law and fact

that plaintiff was entitled to a divorce and directed the clerk to enter such judgment, but as a matter of fact such judgment was not entered of record until upon motion in 1901, and until after plaintiff had married deceased; held, that under the former rulings of this court to the effect that it is the duty of a court to make the records speak the truth, and that whenever a judgment has been pronounced, but has not been entered of record, the court may upon proper proof have the judgment rendered nunc pro tunc as of the date it was rendered, plaintiff was actually divorced from her first husband in 1891, and that plaintiff and deceased were husband and wife at the time of his death.—P. 64.

*Appeal from the District Court of Las Animas County.*

*Hon. Jesse G. Northcutt, Judge.*

Action by Annie M. Chaney against Emma Mock, William C. Chaney, Claude N. Chaney, Charles R. Chaney, James C. Chaney, Anner Clink, Rosa Douglas, Ida Schooner, Calla Hendricks, Minnie Myers, Henry Chaney, Noy Arnold, and Emma Mock as guardian for William C. Chaney and Charles R. Chaney. From a decree in favor of plaintiff, defendants appeal.　　　　　*Affirmed.*

Mr. J. J. HENDRICK and Mr. A. F. HOLLENBECK, for appellants.

Mr. A. C. McCHESNEY, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court:

Suit was brought by Annie M. Chaney against Emma Mock and other defendants for the purpose of having partition of certain lands situate in the county of Las Animas, of which Henry B. Chaney, late of said county, died seized. Henry Chaney died intestate about the 10th of June, 1900; and the complaint alleges that he left surviving him as his only heirs at law the plaintiff, Annie M. Chaney, and the defendants, Emma Mock and others, as children.

The only question raised at the trial was whether the plaintiff was the widow of Henry Chaney, deceased. It appears that Henry Chaney was divorced on the 12th of January, 1899, and was married to the plaintiff, the appellee here, on the 15th of March, 1899, at Raton, New Mexico. It further appears that both of the parties to the marriage in New Mexico were residents of Colorado, and that, immediately after the ceremony in New Mexico was performed, they returned to Colorado, where they resided until the death of Henry Chaney. It further appears from the statement of facts and from the testimony that after the marriage in New Mexico, and until the death of Henry Chaney, the plaintiff and said Chaney sustained the relation of husband and wife. It further appears from the testimony that the plaintiff below undertook to procure a divorce from her husband, Robert Jordan, in the courts of Minnesota, and that, at the time of her marriage to Dr. Chaney, the said Robert Jordan was living. No decree of divorce was entered in the Minnesota courts until the 18th day of September, 1901, at which time a decree of divorce was entered *nunc pro tunc,* as of October 1, 1891. The portion of the decree necessary to be considered at this time is as follows, the title of said cause being "Annie M. Jordan, Plaintiff, v. Robert C. Jordan, Defendant." "And on motion of Allen & McAdam, attorneys for plaintiff, it is hereby adjudged and decreed, *nunc pro tunc,* as of October 1, 1891, that the bonds of matrimony heretofore existing between said plaintiff and defendant be, and the same are hereby dissolved, and said parties are absolutely divorced from each other; and that plaintiff have the care and custody of the children of plaintiff and defendant, to wit: Hattie Jordan, Ida Jordan and Anna Jordan."

The defendants contend that the marriage in New Mexico is void for two reasons: Because, under the statutes of this state, Henry Chaney was not permitted to marry within one year from the date of his divorce, which was January 12, 1899; and because the plaintiff, appellee here, at the time of her marriage at Raton, New Mexico, on March 15, 1899, had a husband living.

We shall not determine the question presented concerning the validity of the marriage in New Mexico within one year from the granting of the divorce, for the reason that that question is not necessarily involved in a determination of this case. Very many intricate questions of law and of public policy are involved in a consideration of that question; but we shall base our decision that the marriage between the plaintiff and Henry Chaney was valid in New Mexico, upon the decision of the case of *Poole v. The People,* reported in 24th Colo., page 510. In that case it is held that where a man and woman in good faith attempted to get married, but because of a disability of one of the parties the marriage contract is a nullity, and the parties continue to live together as husband and wife after such disability was removed, they were, in law, husband and wife from the time the disability to enter into the marriage contract was removed. So that, even though we were to assume that the marriage in New Mexico was void, still it appears, from the testimony, that Henry Chaney and the plaintiff herein in good faith entered into the marriage relation at Raton, New Mexico, in March, 1899; that the obstacle of the statute was removed on the 12th day of January, 1900; that Chaney did not die until June, 1900; and that from the time of the marriage until the day of his death, Chaney and the plaintiff lived together as husband and wife.

Nor do we think there was any obstacle to Mrs. Chaney's entering into the marriage contract. It appears that, in the year 1891, before a court of competent jurisdiction in the state of Minnesota, the defendant in that suit appearing, the judge made findings of law and fact, and found that the plaintiff in that suit (being the plaintiff in this suit) was entitled to a divorce from her husband; and in the findings of law and fact, and a conclusion thereto, the clerk of the said court was directed to enter judgment in accordance with the findings and conclusions. A few days after the original findings were made, it was discovered by the judge that an error had been made in the findings, and he amended them. The concluding part of the findings and order at that time is as follows: "And the clerk of said court is hereby directed to cause said conclusion to be so amended and the judgment entered therein to be amended to correspond therewith." The Minnesota statutes are somewhat similar to ours in that the judgments are entered in a judgment book kept by the clerk of the court. And it seems that, although the judge pronounced judgment granting a divorce and the custody of the children, that the judgment was never entered of record. In any event, whether a judgment was entered of record at that time or not, it sufficiently appears from the record of the Minnesota court that a decree was entered *nunc pro tunc,* for and as of October 1, 1891, dissolving the bonds of matrimony between the plaintiff in this case and her then husband. It has been held by this court that this may be done at any time, and that it is not only proper, but that it is the duty of the court, to make the records speak the truth; and that, whenever a judgment has been pronounced, but has not been entered of record, that the court may, upon proper

proof, have the judgment entered *nunc pro tunc* as of the date when it was rendered.

This woman was actually divorced from her husband in the year 1891. The court pronounced the judgment at that time, and, in the year 1901, he corrected his records so as to have them contain the judgment which he pronounced in the year 1891. The rights of the parties to the Minnesota suit were established at the time the judgment was pronounced.—*Estate of Cook,* 77 Cal. 220.

We are therefore of opinion that Henry Chaney and the plaintiff herein, at the time of Chaney's death, were husband and wife, and that upon his death the plaintiff became the owner of the undivided half of the property of which he died seized. Such was the finding and judgment of the district court of Las Animas county, from which an appeal was taken to this court; and the judgment, being in accordance with the law, is therefore affirmed.

*Affirmed.*

The CHIEF JUSTICE and Mr. JUSTICE CAMPBELL concur.