### No. 9308.

### REAHARD *v.* MILLER.

TRIALS—*By the Court.* The judge determines not only the creditability of the witnesses, and the weight of testimony, but the inferences properly deducible from the facts proven.

Action to recover the bill of a physician for the attendance upon the wife of defendant. The evidence examined and held sufficient to sustain a finding for plaintiff.

*Error to Denver County Court, Hon. E. J. Ingram, Judge.*

Mr. J. E. SIMONSON, Mr. W. G. SIMONSON, Mr. CLARENCE R. ANDERSON, for plaintiff in error.

Mr. WAYNE A. GUNKLE, for defendant in error.

Opinion by Mr. Justice Allen.

THIS is an action brought by the plaintiff, a physician against the defendant to recover a certain sum for medical and surgical services performed for defendant's wife. The plaintiff for his right to recover, relies upon the common law liability of the defendant, as a husband, for necessaries furnished to the wife. The cause was originally tried in a Justice Court, and the judgment there being adverse to the defendant, he appealed to the County Court. There are no pleadings in the case, but it appears from the record that the defendant sought to defeat recovery upon the ground that, as he claimed, about six months prior to the time the services in question were rendered by plaintiff to defendant's wife, the latter left her husband, the defendant, without cause, and continued to live separate and apart from him up to the time of her death, which occurred shortly after the services, including a surgical operation, were performed. The cause was tried, in the County Court, without a jury. The trial judge found the issues in favor of the plaintiff, and also made the finding "that the defendant was cohabiting with his wife at the time of her death, and that he knew an operation was to be performed upon her on or about the time it was performed," and that the value of the services rendered was $200. Judgment was rendered in favor of the plaintiff, and defendant brings error.

The plaintiff in error, defendant below, in seeking a reversal of the judgment, contends that the trial court's findings, above set forth, are contrary to the evidence. In considering this contention, it should, at the outset, be noted that, in the language of this court in *Gwynn v. Butler,* 17 Colo. 114, 118, 28 Pac. 466, "the court was the the judge not

only of the credibility of the witnesses and of the weight of the evidence, but of the inferences properly deducible from the facts and circumstances as proved."

There is no evidence that the defendant had a home prepared and ready for his wife at any other place than that where she was staying, at and before the plaintiff's services were sought and engaged. She was then staying at a rooming house. The defendant frequently visited her, and stayed at the rooming house many nights, and during a part of the time remained there every night. It was testified that immediately after defendant's wife died he requested that her earrings be taken off. The evidence also shows that the defendant visited the hospital where his wife was receiving medical and surgical treatment. He held himself out to the plaintiff, and to others, as the husband of the patient. The plaintiff testified that the defendant, after the death of his wife, in a conversation relating to plaintiff's compensation said "he would pay the bill." These and other circumstances justified the trial court in finding the issues for the plaintiff, and support the conclusion that there had been no separation between the defendant and his wife.

Upon the whole evidence we cannot say that the trial court was not warranted in resolving all material issues in favor of the plaintiff. We are of the opinion that there was sufficient evidence to support the findings and judgment, and the same cannot be disturbed on this review. *Gwynn v. Butler, supra; Stevens v. Adams,* 53 Colo. 511, 127 Pac. 957. The judgment is affirmed.

Affirmed.