No. 15,149.

ROCKY MOUNTAIN FUEL COMPANY ET AL. *v*. REED ET AL.
(130 P. [2d] 1049)

Decided October 19, 1942.   Rehearing denied November 9, 1942.

Messrs. HAWKINS & HAWKINS, for plaintiffs in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. ST. GEORGE GORDON, As-

sistant, Mr. J. RAMSEY HARRIS, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as the Fuel Company, the Insurance Company, Mrs. Reed, and the Commission, respectively; and the deceased as Reed.

The sole question presented is, Were Reed and Mrs. Reed husband and wife at the time of Reed's death?

Reed, while employed by the Fuel Company, sustained an accidental injury for which compensation was allowed by the Commission and he returned to work. Less than eighteen months thereafter he met with another accident resulting in his instantaneous death. Mrs. Reed, claiming as his common-law wife, sought to recover the unpaid balance due under the first, and all statutory allowance due under the second accident; a total of approximately $6,000. That she is so entitled if the alleged relationship existed is admitted. The Commission and the court both held in her favor and the latter's judgment, entered accordingly, is now under review by this court at the instigation of the Fuel Company and its insurance carrier, the Insurance Company.

It is admitted that the relationship of husband and wife existed unless defeated by the undisputed fact that cohabitation began illicitly because Mrs. Reed then had a husband living. She was married to one Mason from whom she shortly separated. About four years later she took up her residence with Reed. Some four years thereafter Mason obtained a divorce in California and the Reeds continued their residence and relationship until Reed's death, approximately eight years after the date of the divorce.

The position of plaintiffs in error is that the burden of proof of marriage was on Mrs. Reed; that the illegal-

ity of their relationship at its inception is presumed to continue; that she must show the contrary, and that she has therein failed. The position of defendants in error is that Mrs. Reed has made her case under the following rules: (a) Continued cohabitation after the removal of an obstacle to marriage raises a presumption of marriage. *Adger v. Ackerman,* 115 Fed. 124, 52 C.C.A. 568; 104 A.L.R. 47; (b) Mutual consent to the relationship may be established by conduct as well as by express words. *University of Michigan v. McGuckin,* 64 Neb. 300, 89 N.W. 778; (c) Since the law deprecates illegal and favors lawful relations, slight circumstances may be sufficient to establish the transition from the former to the latter. *Edger v. Ackerman, supra; Poole v. People,* 24 Colo. 510, 52 Pac. 1025.

The foregoing authorities are cited merely as best illustrative of the rules relied on. Counsel on each side call our attention to numerous others, especially from our own jurisdiction, including: *Davis v. People,* 83 Colo. 295, 264 Pac. 658; *Mock v. Chaney,* 36 Colo. 60, 87 Pac. 538; *Clayton Coal Co. v. Ind. Com.,* 93 Colo. 145, 25 P. (2d) 170; *Moffat Coal Co. v. Ind. Com.,* 108 Colo. 388, 118 P. (2d) 769; *Foley v. Gavin,* 76 Colo. 286, 230 Pac. 618. These we find no occasion to here examine, reconcile and distinguish. That there are some minor conflicts, and much confusing diversity of facts, is indisputable. On the whole, however, our investigation satisfies us of the existence and reason of the several rules and discloses the real difficulty confronting appellate courts, i.e., the application of recognized rules to a given state of facts. The conclusion is inevitable that in such cases as that now before us some discretion must rest in the trial tribunal.

While the record before us leaves much to be desired in the way of guidance, and discloses numerous defects which it would appear counsel on either side might well have supplied at the hearing before the Commission, we still think it justifies the assertion that if there ever

was a case where a relationship, unlawful in its inception, could be matured into a valid common-law marriage by the conduct of the parties without proof of specific declaration, this is that case. Eight years of conjugal cohabitation without the existence of any impediment to the marriage relation, a course of life and conduct inconsistent with any other conclusion, an orderly household, mutual recognition of man and woman as husband and wife, unvarying representation among friends and neighbors of the existence of that relationship, and nowhere along their pathway a single sign pointing to the contrary. If ever a common-law marriage should be recognized we think this should be and are convinced that that recognition is consistent with the great weight of authority and imperatively demanded by justice, public policy, and a due regard for human relationships.

The judgment is accordingly affirmed.

MR. JUSTICE BAKKE and MR. JUSTICE HILLIARD dissent.