## No. 16,454.

### CLARK *v.* CLARK ET AL.
(229 P. [2d] 142)

Decided February 13, 1951.    Rehearing denied March 19, 1951.

Mr. JOSEPH P. CONSTANTINE, for plaintiff in error.

Mr. BYRON G. ROGERS, Mr. JAMES H. ROGERS, for defendants in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

THIS is an action brought by Ina Harris Clark against Joseph I. Clark and Eva Waddell for divorce from the former, and other relief. It was stipulated and agreed by all parties that the trial court should first determine the validity of the marriage of the parties before deciding other issues involved. The court held that the marriage was invalid, and plaintiff seeks reversal of the

judgment. The sole question here presented is whether or not a valid common-law marriage existed between the parties.

■ It was fully established, as the trial court held, that plaintiff and defendant Joseph I. Clark began living together in 1942, and continued to do so until July 9, 1949, when this action was commenced; that during all of that period they appeared as, and were reputed to be, husband and wife; that at the inception of such relations, both parties had living spouses from whom they were not divorced; that in August, 1945, defendant was divorced from his former wife, and in August, 1947, plaintiff was divorced from her former husband, thereby removing all impediments to a valid marriage.

The trial court in ruling on the question submitted, said:

"The case that was cited [in argument] of the woman who presumed that her husband had obtained a divorce is to be distinguished from this in this respect: both parties in this case were absolutely innocent, thought that they were able to enter into a marriage contract, and from what I heard of the case, the defendant indicated that there was a period in which they did not live together as husband and wife, and then went back together as husband and wife. Had these people here separated and broken off the relationship, and then come back together, that would have been different."

It clearly appears from the opinion of the trial court that he would have held the marriage in question valid if the parties had separated at the time the impediment was removed, the illicit relationship terminated, and had thereafter resumed cohabitation.

Many cases are cited and relied upon by counsel for the respective parties, which, as said, call for an affirmance or reversal of the judgment. It is unnecessary to analyze or discuss these cases, as most of them were fully considered by us in *Rocky Mountain Fuel Co. v. Reed,* 110 Colo. 88, 130 P. (2d) 1049, where the issue

now before us was determined adversely to the contention of defendant in the present case. We there said:

"It is admitted that the relationship of husband and wife existed unless defeated by the undisputed fact that cohabitation began illicitly because Mrs. Reed then had a husband living. She was married to one Mason from whom she shortly separated. About four years later she took up her residence with Reed. Some four years thereafter Mason obtained a divorce in California and the Reeds continued their residence and relationship until Reed's death, approximately eight years after the date of the divorce.

\*　　\*　　\*

"While the record before us leaves much to be desired in the way of guidance, and discloses numerous defects which it would appear counsel on either side might well have supplied at the hearing before the Commission, we still think it justifies the assertion that if there ever was a case where a relationship, unlawful in its inception, could be matured into a valid common-law marriage by the conduct of the parties without proof of specific declaration, this is that case. Eight years of conjugal cohabitation without the existence of any impediment to the marriage relation, a course of life and conduct inconsistent with any other conclusion, an orderly household, mutual recognition of man and woman as husband and wife, unvarying representation among friends and neighbors of the existence of that relationship, and nowhere along their pathway a single sign pointing to the contrary. If ever a common-law marriage should be recognized we think this should be and are convinced that this recognition is consistent with the great weight of authority and imperatively demanded by justice, public policy, and a due regard for human relationships."

In the instant case the relationship of the parties, like that in the Reed case, was "unlawful in its inception"; here, contrary to the situation in the Reed case, there

was "proof of specific declaration"; also there were two years of "conjugal cohabitation without the existence of any impediment to the marriage relation," during which period there was "a course of life and conduct inconsistent with any other conclusion" than that of "conjugal cohabitation," including "mutual recognition of man and woman as husband and wife" and "representation among friends and neighbors of the existence of that relationship." In the Reed case, even though there was no separation of the parties following the illicit relationship, and prior to the resumption of the marriage status, we nevertheless concluded that the relation of marriage was "consistent with the great weight of authority and imperatively demanded by justice, public policy, and a due regard for human relationships."

The established facts in the instant case are so strikingly similar to those considered in the Reed case, that we can find no justification for departing from the conclusion therein announced that a valid common-law marriage existed, and in conformity with the holding in the Reed case, and the authorities therein cited, we conclude that a valid common-law marriage existed between plaintiff and defendant at the time this action was commenced, and that the court erred in dismissing the complaint.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

MR. CHIEF JUSTICE JACKSON concurs in the result.

MR. JUSTICE ALTER and MR. JUSTICE MOORE dissent.

MR. JUSTICE ALTER dissenting.

I dissent from the majority opinion in which the court holds that the relationship between the parties to this action was such as to constitute a valid common-law marriage. In such a marriage there must be an actual and mutual agreement between the parties to enter into

a matrimonial relationship, and they must be competent in law to make a valid contract to be consummated by their cohabitation as man and wife or their mutual assumption openly of marital duties and obligations.

It appears from the undisputed evidence in the instant case that one of the parties, by reason of a diseased condition, could not secure the certificate for which provision is made in chapter 128 of the Colorado 1939 Session Laws, subsequently amended by chapter 177, Session Laws of 1945; hence the parties could not enter into a valid ceremonial marriage in this state, and any qualified person attempting to perform such a ceremony without the requisite statutory health certificate would be committing a criminal offense for which penalties are provided.

In the case under consideration, a physical disability existing which by statute makes a legal ceremonial marriage impossible, the parties could not circumvent the law and enter into a valid common-law marital union.

MR. JUSTICE MOORE concurs in this dissenting opinion.