No. 17,257.

GRAHAM *v*. GRAHAM.
(274 P. [2d] 605)

Decided September 27, 1954.

Mr. MORRIS RIFKIN, for plaintiff in error.

Mr. JOSEPH D. NEFF, Mr. ARTHUR EVERETT SMALL, JR., for defendant in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the Court.

THIS proceeding is on a writ of error directed to the district court of the City and County of Denver. The parties appear here as in the trial court, namely, as plaintiff and defendant. September 29, 1950 plaintiff,

being sued as a defendant in the district court of Natrona county, Wyoming, for a divorce, was awarded a divorce decree and stipulated alimony against plaintiff therein. Plaintiff instituted this action in our Colorado court based on two claims, on the decree and the stipulation, to enforce allegedly delinquent alimony payments as provided in the decree of the Wyoming court. The court in the Wyoming decree provided for alimony payments by defendant as follows: "$90.00 per month * * * until the further order of this court or until the defendant shall remarry, and in the event that the defendant shall remarry then there shall be no further obligation on the part of plaintiff to make the aforesaid payment of $90.00 per month."

Plaintiff alleges that she has not remarried; this allegation defendant denies. Thereby a common-law relationship of plaintiff with another man becomes here involved.

The case was tried to the court without a jury; the court decided the issue for defendant and against plaintiff on both claims, and entered a judgment of dismissal. A motion for new trial was dispensed with.

At the trial it was admitted that defendant had made his alimony payments regularly until December 15, 1951, and that thereafter he had made no payments. The only question before the trial court was whether or not plaintiff had entered into a common-law marriage since the awarding of the Wyoming decree. On disputed evidence the trial court found she had so remarried.

Common-law marriages are recognized in Colorado. In *Taylor v. Taylor*, 10 Colo. App. 303, 50 Pac. 1049, it was held:

"By the statutes of Colorado, marriage is declared to be a civil contract, and there is only one essential requirement to its validity, between parties capable of contracting, viz: the consent of the parties * * *"; but "the contract alone is not sufficient, unless it is followed by its consummation, that is, by cohabitation as husband

and wife. * * * in cases where the contract or agreement is denied or cannot be shown, its existence may be proven by, and presumed from, evidence of cohabitation as husband and wife, and general repute.

"Cohabitation as here used means something more than sexual intercourse. Bouvier defines cohabit to be 'to live together in the same house claiming to be married.' Webster defines cohabitation as 'the act or state of dwelling together or in the same place with another.' * * * 'To cohabit is to live or dwell together, to have the same habitation; * * *.'

"By general reputation or repute is meant the understanding among the neighbors and acquaintances with whom the parties associate in their daily life, that they are living together as husband and wife, and not in meretricious intercourse. * * * 'It involves and is made up of social conduct and recognition, giving character to an admitted and unconcealed cohabitation.' *Badger v. Badger,* 88 N. Y. 556. It is necessary that there be evidence both of cohabitation and reputation before such a marriage can be presumed. * * *." See, also, *Smith v. People,* 64 Colo. 290, 170 Pac. 959; *Rocky Mountain Fuel Co. v. Reed,* 110 Colo. 88, 130 P. (2d) 1049; *Clark v. Clark,* 123 Colo. 285, 229 P. (2d) 142.

The determination of the weight of the evidence and the reasonable inferences to be drawn therefrom are for the trial court.

On the issue of the alleged common-law marriage plaintiff was the principal witness; the other party to the marriage was not a witness.

Summarizing some of the pertinent testimony, plaintiff testified that after her divorce from Graham was granted, she took employment as caretaker of an apartment house on Eudora street where she lived in an apartment consisting of two rooms — a kitchen, bedroom and bath; that she rented to Mr. Dobbin, room with board; that she introduced herself to her employer as Mrs. Dobbin, and the other party with her as Mr. Dob-

bin; that she introduced the other party to tenants in the apartment house as her husband; that they occupied the apartment from March 1st to the last of June, 1951, during which time she went under the name of Dobbin. Another tenant in the apartment house testified that plaintiff had introduced herself, "I am Mrs. Dobbin," and she "told me they were living together;" that plaintiff was "commonly known by the other tenants as Mrs. Dobbin."

The trial court resolved the issues in favor of defendant and against plaintiff, and entered a judgment dismissing both of plaintiff's claims. From our examination of the record, we conclude the trial court's findings were supported by substantial evidence; accordingly the judgment is affirmed.