## No. C-131

**Dominion Insurance Company Limited, a corporation, organized under the laws of England v. Fred M. Hart**
(498 P.2d 1138)

Decided June 12, 1972.          Rehearing denied July 3, 1972.

Blunk & Johnson, Forrest S. Blunk, Robert Z. Bohan, for petitioner.

Maley and Schiff, P.C., John T. Maley, Robert A. Schiff, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This action is on certiorari to the Court of Appeals. Dominion Insurance Company sought review here when that court reversed an Arapahoe County District Court judgment dismissing respondent Hart's suit seeking recovery on an insurance policy issued by Dominion.

Hart — a commercial pilot — was injured in the course of a flight. As a result, he was not able to pass the required physical examination, and a renewal of his pilot's license was refused by the Federal Aviation Administration. Hart was insured under an occupational disability policy with Dominion. When payment thereon was demanded by Hart, Dominion refused until it could obtain a medical evaluation of the claim. Dominion requested Hart to be examined at company expense at the Mayo Clinic in Minnesota. Hart, living in Denver, refused to go to Minnesota and made demand for arbitration pursuant to the policy. As provided by procedure outlined in the policy, on instructions from Dominion, Hart appointed a medical referee to act for him. Dominion, in turn, also as provided in the policy, appointed its medical referee, the same Mayo physician to whom they had requested Hart to submit for medical evaluation. Hart's appointee notified the Minnesota physician that it would be

necessary for the arbitration hearing to be held in Denver. Dominion's appointee replied in pertinent part as follows:

"In your letter you suggest that I come to Denver to participate in hearings on this claim. However, I do not think that this would be meaningful without the benefit of a direct examination of this patient. Also, it has been general Clinic policy that members of the Staff here do not travel from the Clinic for the purposes of taking part in legal hearings. Rather, the usual procedure is to give a deposition under oath here on the premises subsequent to our direct evaluation of the patient.

"Evidently Mr. Hart does not wish to come here for an evaluation and, accordingly, I am afraid I would be of little value in hearings planned in Denver.

"Again, if our services here are ever required please let us know and we will be glad to arrange an appointment for Mr. Hart."

Thereafter, respondent initiated suit for payment of the proceeds. Prior to trial on this issue, however, petitioner moved to dismiss the complaint on the ground that arbitration procedures, a condition precedent to litigation, had not been followed, and that another medical referee, in Denver, had been appointed, albeit ten months after the suit was instituted. The trial court ordered dismissal, finding that while respondent was not required to be examined in Minnesota, there had been no refusal by Dominion to arbitrate. In reversing this judgment and ordering trial on the merits, the Court of Appeals found that the Minnesota doctor's letter amounted to a refusal to arbitrate by petitioner.

Certiorari was granted herein on the ground that the Court of Appeals had probably decided the matter not in accord with applicable decisions of the Supreme Court. In that connection, Dominion asserted in its petition that the Court of Appeals — contrary to appellante procedural law — had substituted its own findings of fact for findings made by the trial court which were supportable by the record. We agree and reverse.

Waiver or failure of arbitration occurs when the insurer refuses a demand for arbitration or does not cooperate or proceed with arbitration after demand. *G. Couch, Cyclopedia of Insurance Law* § 50:87 (2d ed.). The district court found that such a refusal or failure to cooperate had not occurred herein. The sufficiency, probative, effect, and weight of all evidence, including documentary evidence, and the inferences and conclusions to be drawn therefrom are all within the province of the trial court, whose conclusions will not be disturbed unless so clearly erroneous as to find no support in the record. *Adler v. Adler,* 167 Colo. 145, 445 P.2d 906; *see Graham v. Graham,* 130 Colo. 225, 274 P.2d 605; *Gwynn v. Butler,* 17 Colo. 114, 28 P. 466. For the purposes of the instant case, it also should be noted that arbitration is favored in Colorado, *see Ezell v. Rocky Mountain Bean and Elevator Co.,* 76 Colo. 409, 232 P. 680, and, consequently, waiver thereof is not. *Cf. Hart v. Orion Insurance Co. Ltd.,* 453 F.2d 1358.

With these principles in mind, we turn to the evidence. The Minnesota doctor's letter clearly contained no express refusal to arbitrate. In our view, it is reasonably susceptible of two different interpretations. The first is that it constituted an implied refusal by the doctor to act. The second is that it merely was an indication that the doctor would be useless at the hearing unless he examined the respondent at the Mayo Clinic in Minnesota, and that Clinic policy generally was that staff members ought not travel to participate in legal proceedings. In either event, the trial court found that Dominion had not refused to arbitrate. Petitioner's initial agreement to arbitrate, as well as its appointment of a medical referee in the first place, constitutes evidence indicating a willingness to arbitrate, not a refusal or failure to proceed therewith. The same is true of petitioner's appointment of a Denver-based medical referee, the ten-month delay being explainable by the respondent's institution of suit. It follows that the district court's finding is not clearly erroneous, and, therefore, that it should have been upheld.

Judgment is reversed, with directions to reinstate the trial court's judgment dismissing respondent's complaint.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON specially concur.

MR. CHIEF JUSTICE PRINGLE specially concurring:

I specially concur. In my view the salient issue in this case is whether the action of the insurance company in failing to appoint another arbitrator for a period of 10 months after their original appointee refused to act was justified by the circumstances. If the insurance company acted in bad faith in failing to appoint a new arbitrator, then under the law it should be deemed as a refusal to arbitrate.

On the issue of whether the insurance company's action was in good faith or in bad faith, the trial court made no finding of fact. I would remand this case to the trial court for a determination of this issue.

I am authorized to say that Mr. Justice Erickson concurs in this opinion.