543 P.2d 1275 (1975)
THOMAS WELLS AND ASSOCIATES, Plaintiff-Appellant,
v.
CARDINAL PROPERTIES, INC., a Texas Corporation, et al., Defendants-Appellees.
No. 75-002.
Colorado Court of Appeals, Div. I.
September 23, 1975.
Rehearing Denied October 23, 1975.
Certiorari Granted January 12, 1976.
*1276 Dwight K. Shellman, Jr. & Associates, P. C., Dwight K. Shellman, Jr., Dorothy Nuttall, Aspen, for plaintiff-appellant.
Klingsmith, Russell, Angelo & Wright, P. C., Harrison Russell, Robert E. Wright, Jr., Gunnison, for defendants-appellees.
Selected for Official Publication.
BERMAN, Judge.
In this action to foreclose a mechanic's lien filed by plaintiff, Thomas Wells & Associates, the trial court granted the motion to dismiss the complaint made by defendant Mid-Continent Life Insurance *1277 Company (Mid-Continent). On appeal by plaintiff, we affirm.
In its "Amended and Supplemental Complaint," plaintiff, an architectural firm, based its right to recover for services rendered under a standard form American Institute of Architects contract entered into between the plaintiff and the defendant Cardinal Properties, Inc. (Cardinal). Plaintiff alleged that defendants Mid-Continent and Cardinal were co-owners of the real property at the date of the filing of the action, and that the contract was "executed by plaintiff and Cardinal Properties, Inc., but [was] required, authorized and ratified by Mid-Continent as co-tenant and co-venturer in said project."
Mid-Continent, in its "Amended Answer," admitted, inter alia, an undivided 20% ownership of the real property but denied it required, authorized, or ratified the contract, denied it was ever a co-tenant or co-venturer with Cardinal, and affirmatively alleged "that any contract between plaintiff and the defendant Cardinal Properties, Inc., was a contract specifically limited to the executing parties of said contract." Mid-Continent, for one of its defenses, alleged the failure of plaintiff to comply with Article 11 of the contract, which provides for mandatory binding arbitration of "all claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof."
Subsequent to the filing of its "Amended Answer," Mid-Continent moved for dismissal pursuant to C.R.C.P. 12(b)(5) on the ground that plaintiff had failed to allege or show compliance with the arbitration provision of Article 11 of the contract and that compliance with Article 11 constitutes a condition precedent to any action for relief under Colorado law. The trial court granted the motion.
Plaintiff presents two issues for review by this court. First, plaintiff contends that there were disputed issues of fact, to wit, whether the arbitration clause had been waived and whether Mid-Continent was entitled to assert the provision since it was not a party to the contract, and that thus the dismissal was erroneously granted. Second, plaintiff contends that even if Mid-Continent has the right to assert the arbitration clause and has not waived that right, the trial court should have stayed the action pending arbitration, rather than grant a dismissal.
The only grounds urged by plaintiff at the hearing and on appeal to support a waiver was Mid-Continent's prior participation in the litigation without raising the arbitration clause in defense until its "Amended Answer." Thus, the facts upon which plaintiff relies to support its waiver argument are undisputed and based upon the pleadings in the case.
Although a party may waive the right to assert an arbitration clause as a condition precedent to litigation on the contract, Fravert v. Fesler, 11 Colo.App. 387, 53 P. 288, arbitration is favored and waiver is not. Dominion Insurance Co., Ltd. v. Hart, 178 Colo. 451, 498 P.2d 1138. Plaintiff did not name Mid-Continent as a party defendant in its first complaint. Although the first amended complaint named Mid-Continent a party defendant, the trial court dismissed the complaint against Mid-Continent for failure to state a claim for relief. This order was vacated, however, after plaintiff filed its second amended complaint which alleged that Mid-Continent had a recorded interest in the real property upon which plaintiff claimed a lien and that plaintiff's lien was prior to any interest of Mid-Continent. It was not until its fourth "Amended and Supplemental Complaint" (the fifth complaint filed by plaintiff) that plaintiff alleged Mid-Continent was liable under the contract. Mid-Continent, in its "Amended Answer" to that complaint, raised the failure to arbitrate as a defense. Under these circumstances, we find no waiver of this defense.
Nor can we agree with plaintiff's contention that Mid-Continent may not assert the defense of failure to arbitrate *1278 since it was not a party to the contract. Article 10 of the contract provides that "the Owner . . . binds himself, his partners . . . to the other party to this Agreement. . . ." Plaintiff has alleged that the contract was required, authorized, and ratified by Mid-Continent as co-tenant and co-venturer and that consequently Mid-Continent is liable under the contract.
Although the issue of whether Mid-Continent ratified the contract is a factual one which plaintiff would have been required to prove at trial, plaintiff may not assert, for the purpose of Mid-Continent's motion to dismiss, a position inconsistent with, and destructive of, its theory of the case. See Wigton v. McKinley, 122 Colo. 14, 221 P.2d 383. Thus, the trial court did not err in its ruling on these issues.
Plaintiff's second allegation of error is that even if the trial court were correct in permitting Mid-Continent to assert the defense and in finding no waiver, the action should have been stayed pending arbitration.
An agreement to arbitrate is enforceable, and court actions based on issues subject to arbitration have been held to be properly dismissed for failure to comply with a condition precedent. Dominion Insurance Co., Ltd. v. Hart, supra.
As stated in Guthrie v. Barda, Colo., 533 P.2d 487:
"The trial court, having found that the agreement to arbitrate was valid and that there had been no arbitration, correctly dismissed the case." (emphasis added)
On the ground that it should be entitled to toll the statute of limitations so as not to lose its mechanic's lien, plaintiff urges that a stay is the proper remedy. The equity of plaintiff's argument escapes us; if plaintiff loses its lien, it is, as the trial court noted, the direct result of its own failure to comply promptly with the arbitration clause. Accordingly, we hold that the trial court did not err in dismissing the action.
Judgment affirmed.
COYTE and ENOCH, JJ., concur.