WENTWORTH, Judge.
This is an appeal from an adverse judgment in a suit for quiet title based on a claim that appellant was the common law wife and heir of Frank H. Dills, thereby entitled to an interest in certain property owned by Dills at the time of his death.[1] We affirm.
Appellant and Dills lived together from 1954 until Dills’ death in 1960. When they met, appellant was a widow receiving workers’ compensation benefits due to her first husband’s accidental death. Because those benefits would have terminated upon remarriage, the trial court found that appellant made a conscious decision not to enter into a legal marriage with Dills. The court recognized that the couple held themselves out as man and wife throughout their relationship, but found that they did so only to avoid embarrassment, and that theirs was
nothing more than a meretricious relationship without any belief and without any intent on the part of the plaintiff and Frank N. Dills to consummate and live together in a true marital relationship.
Although appellant testified that she and Dills did intend a marriage relationship, the trial court specifically rejected her testimony, finding that she had misrepresented the truth throughout the proceedings.
Primarily because the trial court rejected appellant’s testimony, she argues that (1) there was no direct evidence of the parties’ intent, and (2) therefore the uncon-troverted evidence that they held themselves out as man and wife created a presumption that they did intend to be obligated by a contract of marriage.[2] Assuming that the applicable law[3] does create such an *349 assumption in the absence of evidence to the contrary, the rule is inapposite in this case because we find competent substantial evidence establishing a lack of intent to enter into a marital agreement. As noted above, the evidence showed that the couple had good reason to decide not to marry, ■ since to do so would result in the termination of the death benefits appellant was receiving. Furthermore, the trial judge specifically rejected appellant’s assertions that she and Dills did intend to enter into a marriage contract. This determination on the part of the trial judge does not render appellant’s testimony incompetent for all purposes, nor does it have the effect of an order striking the testimony from the record. On the contrary, it is, in effect, an affirmative finding that the couple did not enter into the oral marriage contract as testified to by appellant. Thus, this is not a case where there is no evidence of the parties’ intent, but is instead a case where a finding of lack of intent is supported by the evidence.
For the foregoing reasons, the determination that appellant was not the common law wife and heir of Frank N. Dills is affirmed. This holding renders the remaining points raised by appellant moot.
The judgment is affirmed.
SHIVERS and JOANOS, JJ., concur.

.The judgment reserved jurisdiction to determine the counterclaim filed by the defendants/appellees. The failure to dispose of the counterclaim raised questions pertaining to the propriety of this court’s review of the judgment, because piecemeal appeals are not permitted and as a general rule a judgment may be appealed only when all claims in a suit have been ruled on. An exception to this rule exists when the outstanding claim constitutes a distinct and severable cause of action arising out of a different occurrence or transaction. See Mendez v. West Flagler, 303 So.2d 1 (Fla.1974); S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974); Neil v. South Florida Auto Painters Inc., 397 So.2d 1160 (Fla. 3d DCA 1981); Seminole County v. Mertz, 415 So.2d 1286 (Fla. 5th DCA 1982). It is often difficult to determine whether in fact particular claims arise out of the same transaction, and in this case it appeared that the pending counterclaim did arise out of the same transaction as the main complaint. The counterclaim is for tortious interference with business relationships and slander of title; both presumably related to appellant’s claim of an interest in the subject property. However, the counterclaim is so devoid of substantiating factual allegations that it is impossible to determine what transaction it arises out of. We therefore assume that it will require proof other than that already adduced, as well as application of independent law. See Seminole County, supra. As such, we find that the counterclaim involves a distinct and severable cause of action permitting our separate review of the disposition of the original complaint.

. In Florida and in Colorado (the state where the couple lived) the party asserting a common law marriage must initially prove a mutual agreement and consent to enter into a marriage contract. See In re Estate of Alcala, 188 So.2d 903 (Fla.1966); Graham v. Graham, 130 Colo. 225, 274 P.2d 605 (Colo.1954). In Florida, at least, evidence of cohabitation could have established a prima facie case of common law marriage.

. The parties agree that the law of Colorado pertaining to the establishment of common law marriage should apply and that Colorado law is substantially the same in this area as Florida. There is some disagreement, however, over the difference in the burden of proof required in the respective states, and whether the burden of proof is a procedural matter making Florida law applicable. Due to our disposition of this case, we need not, and therefore decline to, address this question.