In re the MARRIAGE OF Kathleen Jo CLAY, Appellant,

and

Donald Lee Clay, Appellee.

No. 83CA0026.

Colorado Court of Appeals, Div. II.

Sept. 15, 1983.

Elliott & Neuswanger, P.C., Nancy A. Neuswanger, Fort Collins, for appellant.

No appearance for appellee.

KELLY, Judge.

Wife, Kathleen Jo Clay, appeals the judgment of the trial court with respect to the division of property, maintenance, child support, and attorney's fees. We affirm in part and reverse in part.

Subsequent to entry of the decree of dissolution of the parties' marriage, the trial court held a hearing on the unresolved issues of property division, maintenance, child custody and support, and attorney's fees. At the hearing, the parties stipulated that custody of their minor son, Keith, would remain with husband, Donald Lee Clay, and that their older daughter was emancipated. Wife sought, among other things, custody of and support for the parties' minor daughter, Carrie, then age 16.

The trial court determined that Carrie was emancipated, relying on the following facts: Carrie had left husband's home; her relationship with a man named Jim had produced a child; Carrie, Jim, and their child were living with wife; and Jim was providing assistance for some of the child's expenses. These facts do not support a finding that Carrie was emancipated at the time of the hearing.

In determining whether emancipation has been established, the court must consider all the relevant facts and circumstances of the case. *See In re Marriage of Robinson,* 629 P.2d 1069 (Colo.1981). The factors which are significant in determining whether a child is emancipated include: "the financial independence of the child, ... the child's establishing a residence away from the family domicile, especially with parental consent, ... and the creation of new relationships incompatible with the notion that the child occupies a subordinate position in [her] parent's family." *In re*

*Marriage of Weisbart,* 39 Colo.App. 115, 564 P.2d 961 (1977).

■ In this case, there was no evidence to indicate that Carrie was financially independent; rather, the evidence indicated Carrie was dependent upon wife for financial support. The evidence was undisputed that Carrie had not established a residence away from both her parents. While she had had a child, and while her child's father lived in the same house as Carrie and the child at the time of the hearing, Jim and Carrie were not married, they did not hold themselves out to be married, *cf. Graham v. Graham,* 130 Colo. 225, 274 P.2d 605 (1954), and Jim had not undertaken to support Carrie. The evidence was undisputed that she was still dependent on her parents for support and shelter. *Cf. Koltay v. Koltay,* 667 P.2d 1374 (Colo.1983), *aff'g In re Marriage of Koltay,* 646 P.2d 405 (Colo.App. 1982). Thus, applying the factors set out in *Weisbart, supra,* we find that there was no evidence presented to support the trial court's conclusion that Carrie was emancipated and not entitled to support.

We have considered the wife's arguments concerning property division, maintenance, and attorney's fees and find them to be without merit.

The judgment of the trial court regarding property division, maintenance, and attorney's fees is affirmed. The judgment regarding child support is reversed, and the cause is remanded for a new trial on the status of the minor child Carrie, her custody and her right to support as of the date of that hearing.

SMITH and VAN CISE, JJ., concur.